THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0032-JCC |
| Plaintiff, | ORDER |
| v. | |
| CAMERON SHEA and KALEB COLE, | |
| Defendants. | |

This matter comes before the Court on the Government's unopposed motion for entry of a protective order pursuant to Federal Rule of Civil Procedure 16(d)(1) (Dkt. No. 34). Having thoroughly considered the motion and the relevant record, the Court finds good cause for a protective order, GRANTS the motion, and ENTERS the following protective order:

1. This protective order governs all discovery material in any format (written or electronic) that is produced by the Government in discovery in the above-captioned case that references any confidential sources, undercover agents, or the identities of any law enforcement agents (collectively, the "Protected Material").

2. The Government will make available copies of discovery materials to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Material is limited to Defendants, attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record, (collectively,

"members of the defense team").

3. The attorneys of record and members of the defense team may display and review the Protected Material with Defendants but may not leave any Protected Material with them.

4. Defendants, attorneys of record, and members of the defense team acknowledge that providing copies of the Protected Material to other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to other persons.

5. Defendants may petition the Court to modify or terminate this protective order upon further review of the Protected Material

6. Nothing in this protective order should be construed as imposing any discovery obligations on the Government or Defendants that are different from those imposed by caselaw, Federal Rule of Criminal Procedure 16, and the Local Criminal Rules.

7. Any Protected Material that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before the Court shall be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle any party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant Local and Federal Rules of Criminal Procedure pertaining to the sealing of court documents.

8. The provisions of this protective order shall not terminate at the conclusion of this prosecution.

9. Any violation of any term or condition of this protective order by Defendants, their attorneys of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, will open that party to sanctions deemed appropriate by the Court, including monetary sanctions or contempt of court.

10. If any Defendant violates any term or condition of this protective order, the Government reserves its right to seek a sentencing enhancement for obstruction of justice or to file any

criminal charges relating to the violation.

IT IS SO ORDERED.

DATED this 25th day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE