The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KALEB COLE,<br><br>    Defendant. | No. CR20-032 JCC<br><br>DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE<br><br><u>Oral Argument Requested</u><br><br>Note for Consideration:<br>May 29, 2020 |

**I.     Introduction**

Defendant Kaleb Cole, by undersigned counsel, moves the Court to reopen the detention hearing in this matter pursuant to 18 U.S.C. § 3142(f) and order his release pursuant to 18 U.S.C. § 3142(c).

Because the presumption of release set forth in 18 U.S.C. § 3142(b) and (c) applies to this case, the Court must order Mr. Cole's release subject to the least restrictive conditions that will reasonably assure his appearance as required and the safety of any other person and the community. See 18 U.S.C. § 3142(c)(1). The defense proposes that Mr. Cole be released to live with his father at his father's home in Arlington, Washington. Mr. Cole's father is a good citizen, supportive of his son, and vehemently opposed to the beliefs attributed to the organization at issue in this case.

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Mr. Cole is alleged to be part of an organization that holds (to say the least) some very unpopular beliefs. And, while those alleged beliefs are to some extent intertwined with the crimes charged in this case, the Court cannot (and we trust will not) base its decision as to Mr. Cole's detention based on the alleged constitutionally protected beliefs of an organization.

Instead, the Court must focus on the statutory factors set forth in 18 U.S.C. § 3142(g) in determining whether there are conditions of release that will reasonably assure Mr. Cole's appearance and the safety of the community. Because such conditions clearly exist, the Court should release Mr. Cole pending trial in this matter.

## II.     Procedural History

The government filed a complaint against Mr. Cole and his three co-defendants, Cameron Shea, Taylor Ashley Parker-Dipeppe, and Johnny Roman Garza, on February 25, 2020. Dkt. # 1. The complaint charged all defendants with a single count of conspiracy to mail threatening communications and commit cyberstalking. Id. The defendants were arrested in different states all around the country the next day. Mr. Cole was arrested in the Southern District of Texas. Dkt. # 12. On March 2, 2020 he waived his right to an identity hearing and to a detention hearing in the district of his arrest and was transferred to the Western District of Washington. Dkt. # 13.

The grand jury returned a four-count indictment on March 4, 2020 which charged each defendant with one count of conspiracy to mail threatening communications and commit cyberstalking and three counts of mailing threatening communications. Mr. Cole appeared for arraignment in the Western District of Washington on March 13, 2020. Dkt. # 27.

That same day the government also filed a motion for Mr. Cole's detention. Dkt. # 28. The government did not seek to invoke the statutory presumption of detention which applies to individuals charged with certain categories of offenses. Id.; 18 U.S.C. § 3142(e). Mr. Cole

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(Kaleb Cole; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

stipulated to detention and was ordered detained. Dkt. # 27. Two of Mr. Cole's co-defendants, Taylor Ashley Parker-Dipeppe and Johnny Roman Garza, who had been arrested in other districts and ordered detained following contested hearings in their districts of arrest, were later ordered released upon their arrival in this district. See Dkt. # 36, 42, 47.

### III. Facts

#### A. Mr. Cole's Background[1]

Kaleb Cole is 24 years old. He was born in Everett, Washington and has lived in Western Washington for almost all of his life. Mr. Cole's parents divorced shortly after he was born. Mr. Cole mostly lived with his mother growing up, but lived with his father during high school, and has lived with him off and on since. Mr. Cole's father is an unwavering supporter of his son, despite his disagreement with some of his son's alleged beliefs. Mr. Cole has significant additional family in the area who are also supporting him through this case, including his grandparents who have both submitted letters of support on his behalf. He graduated from high school and has been employed his entire adult life, albeit in a variety of different jobs. Mr. Cole has no criminal history whatsoever, and in fact has never been arrested prior to his arrest int his case

#### B. Allegations in this Case

The defendants in this case have been charged with conspiring "to threaten journalists and activists, particularly Jews and other minorities, with the intent to cause fear of bodily harm, harass, intimidate, and retaliate against unfavorable reporting," and with mailing such threatening

---

[1] Counsel understands that Mr. Cole has not yet participated in an interview with the Probation and Pretrial Services Office. Counsel plans to set up such an interview in conjunction with this motion and anticipates a report setting forth Mr. Cole's relevant background in additional detail prior to a detention hearing.

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(Kaleb Cole; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

communications.  See Indictment, Dkt. # 16.  The indictment alleges that the defendants created threatening posters, researched people to target and their contact information, and then both mailed posters and affixed them directly to peoples' homes.  Id.  The complaint filed in this matter sets forth details about Mr. Cole's alleged role in this activity: "COLE had access to the entire target list, helped to develop threatening posters to leave at the victims' homes, and made suggestions to Operation Erste Saule coconspirators on who to target, how to find people's home addresses, and, among other things, how to film the Operation when it happened."  Complaint, Dkt. # 1 at 9.  The complaint also describes one of Mr. Cole's co-defendants as stating that "COLE 'is developing a number of posters that are threatening but not explicitly.'"  Id. at 15.

The complaint filed in this matter also sets forth background information relating to Mr. Cole, his co-defendants, and the organization to which they allegedly belong, Atomwaffen Division (AWD).  This background information includes details about past criminal behavior committed by other members of AWD.  It does not indicate that Mr. Cole had any involvement in, or knowledge of, this past criminal activity, or any association with the involved parties other than alleged membership in the same organization.  Id. at 4-5.  The complaint also sets forth information about AWD engaging in activities such as holding "hate camps" and putting out messaging videos with racist content, which, although they may justifiably be criticized on a variety of grounds, are clearly activities protected by the First Amendment.

The complaint further indicates that Mr. Cole was served with an extreme risk protection order (ERPO) on September 26, 2019.  The King County Superior Court granted this order based on an uncontested petition by a Seattle Police Officer.  See Exhibit 1 (Order).  The petition is based on many of the same generalized allegations about AWD provided as background in the complaint in this matter. See Exhibit 2 (Petition).  The petition did not describe even a single

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(Kaleb Cole; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

violent act committed, or threat made, by Mr. Cole.  The petition further acknowledged that Mr. Cole had never been arrested, let alone convicted of a crime.  Instead, it set forth activities attributed generally to AWD, and pointed to Mr. Cole's alleged association with that group as a basis for the order.  Mr. Cole did not appear for the hearing on the petition because he was unable to find a lawyer who could help him and because he was afraid of the media opprobrium that he expected.  As such, he was not able to point out deficiencies in the petition.

    After the ERPO issued, Mr. Cole moved to Texas.  The complaint alleges that he was with another person, A.B., when Mr. Cole was stopped for speeding in Post, Texas on November 4, 2019.  After the stop and a subsequent search A.B. was arrested and charged with possession of the firearms that were found in the vehicle.  A.B. pleaded guilty to those charges and has since been sentenced.  From the outset, A.B. took sole responsibility for the possession of the firearms.  Mr. Cole was released from the scene.  While Mr. Cole has been charged by the King County Prosecutor's Office for violating the ERPO based on the incident in Texas, this charge appears to be both ill-supported by the facts (see Ex. 3 (police report)) and *ultra vires* due to lack of jurisdiction.[2]

---

[2] RCW 9A.04.030 establishes criminal jurisdiction for Washington state and provides:

> The following persons are liable to punishment:
> (1) A person who commits in the state any crime, in whole or in part.
> (2) A person who commits out of the state any act which, if committed within it, would be theft and is afterward found in the state with any of the stolen property.
> (3) A person who being out of the state, counsels, causes, procures, aids, or abets another to commit a crime in this state.
> (4) A person who, being out of the state, abducts or kidnaps by force or fraud, any person, contrary to the laws of the place where the act is committed, and brings, sends, or conveys such person into this state.
> (5) A person who commits an act without the state which affects persons or property within the state, which, if committed within the state, would be a crime.

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 5

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

### IV. Law and Argument

#### A. Legal Standards

The Bail Reform Act mandates the release of a person facing trial unless no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(b) and (c).  A court must release a defendant on either personal recognizance or subject to the least restrictive condition, or combination of conditions, that will reasonably assure the person's appearance and the safety of the community. Id.

The government has the burden of proof on the issue of risk of flight and must do so by a clear preponderance of the evidence. United States v. Motamedi, 767 F.2d 1403, 1406-07 (9th Cir. 1985).  As to the issue of dangerousness, the Government must prove, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(f)(2).

"Only in rare circumstances should release be denied."  Motamedi, 767 F.2d at 1405.  The Court must resolve any doubts regarding propriety of release in favor of the defendant. Herzog v. United States, 75 S. Ct. 349, 351 (1955).

---

(6) A person who, being out of the state, makes a statement, declaration, verification, or certificate under chapter 5.50 RCW which, if made within the state, would be perjury.
(7) A person who commits an act onboard a conveyance within the state of Washington, including the airspace over the state of Washington, that subsequently lands, docks, or stops within the state which, if committed within the state, would be a crime.

No provision of this statute appears to extend jurisdiction to cover the alleged events that occurred in Texas on November 4, 2019.

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

> B. <u>The Court should reopen the detention hearing and reconsider Mr. Cole's detention status.</u>

The detention hearing may be reopened if information exists that was not known to the movant at the time of the hearing and that information has material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required for the safety of others and the community. 18 U.S.C. § 3142(f).

There are a number of factors that support Mr. Cole's request to reopen his detention hearing. Mr. Cole stipulated to detention at the time of his initial appearance. At the time he had had limited opportunity to confer with counsel and had not participated in a pretrial services interview. Further, Mr. Cole's counsel had not had the opportunity to gather or review relevant materials. Now that counsel has had the opportunity to do so, and to present this information to the Court, it is appropriate to reopen the detention hearing. Further, the Court issued an order that specifically granted leave to do so. Dkt. # 29 at 2.

> C. <u>The Court should order Mr. Cole's release based on an application of the factors outlined in 18 U.S.C. § 3142(g) to this case.</u>

The presumption of release set forth in 18 U.S.C. § 3142(b) and (c) applies to this case, as none of the potential factors that can reverse the presumption of release to a presumption of detention apply to this case. <u>See</u> Government Motion for Detention, Dkt. 28 at 2-3. As such, the Court must order Mr. Cole's release "subject to the least restrictive further condition, or combination of conditions, that … will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1).

18 U.S.C. § 3142(g) sets forth the following factors for the Court to consider in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community: (1) the nature and circumstances of the offense

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 7

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

**1.      The nature and circumstances of the offense**

When considering the nature of the offense, it is important that the Court is careful in determining exactly what constitutes the offense in this matter, as the government has included inflammatory and prejudicial information in its filings, which, while not necessarily irrelevant, is certainly not part of the charged offense.  This information includes: beliefs and tenants of AWD; organizational activities of AWD such as alleged so-called "hate camps;" and the production of messaging videos by AWD.  These activities and forms of speech are beyond the power of the government to proscribe as they are protected by the First Amendment.

The hallmark of the First Amendment's protection of free speech is to allow "free trade in ideas, even ideas that the overwhelming majority of people might find distasteful or discomforting." Virginia v. Black, 538 U.S. 343, 358 (2003)(internal citations and quotations deleted).  The government therefore lacks "the power to prohibit dissemination of social, economic and political doctrine which a vast majority of its citizens believes to be false and fraught with evil consequence." Id.  This proscription on the government's ability to regulate speech extends even to speech that advocates "the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." Brandenburg v. Ohio, 395 U.S. 444, 447 (1969).  These protections cover symbolic or expressive conduct as well as actual speech. Virginia v. Black, 538 U.S. at 358.

The First Amendment's protection of free speech clearly prohibits regulation of a

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 8

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

significant portion of the conduct outlined in the complaint in this matter, including AWD's right to associate and espouse their beliefs, however unpopular or wrongheaded they may be. And, reflecting this principle, it is likewise clear that the statutes under which Mr. Cole is charged do not in fact regulate this kind of conduct.[3] Rather, the charging statutes regulate "true threats," a category of speech that may be regulated under the First Amendment. <u>Watts v. United States</u>, 394 U.S. 705, 708 *(per curiam)*. "True threats" encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals. <u>Virginia v. Black</u>, 538 U.S. at 359.

---

[3] 18 U.S.C. § 876 (c) provides in relevant part:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2261A provides in relevant part:

> **(2)** with the intent to kill, injure, harass, intimidate, or place under surveillance with intent to kill, injure, harass, or intimidate another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
> **(A)** places that person in reasonable fear of the death of or serious bodily injury to a person…; or
>
> **(B)** causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A) [the person, an immediate family member, or spouse or intimate partner], shall be punished as provided in section 2261(b) of this title.

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 9

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

The point here is that the only type of speech (as relevant in this case) that the government can regulate is speech that constitutes a true threat, and that any other aspects of the relevant speech are beyond the government's power to regulate. And it is important to make this distinction when the speech at issue has arguably two separate components: an alleged threat and a statement of political or philosophical belief. This is because a particular instance of speech can be proscribable on the basis of one feature (*e.g.,* obscenity) but not on the basis of another (*e.g.,* opposition to the city government). R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 385 (1992). In other words, the exclusion of "true threats" from the scope of the First Amendment simply means that, for purposes of that Amendment, the unprotected features of the words are, despite their verbal character, essentially a "nonspeech" element of communication. Id. at 386.

What this means in this case is that the only elements of the alleged communications that can fall within the purview of the statutes under which Mr. Cole is charged are elements that comprise threats, and not any elements that carry political or philosophical messages. Viewed as such, the allegations in the complaint consist of the following: the defendants sent posters stating that the senders know where the recipients live, that the senders are watching the recipients, that the recipients should not f*** with the senders, and that the recipients' "actions have consequences." Whether these statements rise to the level of "true threats" is a question which will ultimately be determined by the finder of fact, but for the purposes of the analysis of the detention question it is important to limit the analysis of the nature of the offense to the actual charged offense.

As to the actual conduct at issue in this case, as the complaint makes clear, the alleged threats are at most implicit threats. None of the alleged communications explicitly threatens harm. Further, the available evidence seemingly establishes that no one had the intent to carry out any

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 10

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

threats of any sort. The complaint reveals that the government was privy to communications between the alleged coconspirators that they believed were private. None of these private communications revealed any intent on any of the alleged coconspirators' part to carry out any sort of violent actions. And, since the communications were supposed to be private, no one would have had a motive to hold back if he had such an intent. While the intent to carry through with threats is not an element of the charged offenses, the fact that it was not present is reflective of a lower level of seriousness in the alleged offenses.

2.  **The weight of the evidence against the defendant**

The complaint describes Mr. Cole's role in the offense as such: "COLE had access to the entire target list, helped to develop threatening posters to leave at the victims' homes, and made suggestions to Operation Erste Saule coconspirators on who to target, how to find people's home addresses, and, among other things, how to film the Operation when it happened." Complaint, Dkt. # 1 at 9. The defense is still in the process of evaluating the discovery in this matter and is not in a position to offer comment on the weight of the evidence in the sense of whether or not it establishes that Mr. Cole engaged in the alleged acts. Nonetheless, even if the government can establish beyond a reasonable doubt that Mr. Cole did in fact act as alleged, it is at best unclear whether a factfinder would find beyond a reasonable doubt that the communications constituted threats of death or serious harm. In any event, the Court is required to ascribe the least weight to the strength of the evidence, among the various factors, when considering whether to release a defendant. Motamedi, 767 F.2d at 1408.

3.  **Defendant's history and characteristics**

Mr. Cole is a young man with no criminal history and no history of violent acts. He has the support of his family and a safe place to stay with a responsible person. While he has

DEFENDANT'S MOTION TO REOPEN DETENTION
HEARING AND FOR RELEASE
(Kaleb Cole; No. CR20-032 JCC) - 11

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

previously been described as dangerous (i.e. in the ERPO petition) this conclusion was based almost solely on his alleged association with a group whose other members have engaged in dangerous activities. In actuality, no showing has ever been made that Mr. Cole himself had any involvement in, or even knowledge of, violent actions committed by members of AWD. And, as described at length above, Mr. Cole's freedom cannot be restrained based on speech or other activity protected by the First Amendment, even if it were shown that Mr. Cole subscribed to all those beliefs and/or was aware of said activities. In short, when viewing Mr. Cole's actual history, it is clear that it does not support a finding that he poses a danger of committing violent acts.

### 4. The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release

Mr. Cole has no criminal history or history of violent acts. He is charged in this case with participating in a conspiracy that distributed at most implicit threats. The government has alleged that Mr. Cole's primary role was creating the posters. He is not alleged to have participated in the mailing or distribution of the posters. There is nothing in the private communications of the conspirators that suggests anyone, certainly including Mr. Cole, intended to take any actual violent actions. And, this was all prior to Mr. Cole's arrest, indictment and detention, which almost always significantly impacts people's behavior in a positive manner. The government has not met and cannot meet its burden of showing by clear and convincing evidence that Mr. Cole cannot be released on conditions sufficient to ameliorate any potential danger.

//

//

//

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 12

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

## V.  Conclusion

Based on the foregoing, the Court should reopen the detention hearing, order Mr. Cole's release pursuant to 18 U.S.C. 3142(c), and craft a release order establishing appropriate conditions of release. This order should include at least a condition that Mr. Cole be required to reside with his father. The defense will not object to other reasonable conditions.

Respectfully submitted this 15th day of May, 2020.

BLACK & ASKEROV, PLLC


s/ Christopher Black
Christopher Black
Attorney for Kaleb Cole
Black & Askerov, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:       206.623.1604
Fax:         206.658.2401
Email:       chris@blacklawseattle.com

DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 13

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401