1

2

3                                                    The Honorable Paula L. McCandlis

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   UNITED STATES OF AMERICA,
                                              No. CR20-032 JCC
9                 Plaintiff,

10        v.                                  DEFENDANT'S REPLY TO
                                              GOVERNMENT'S RESPONSE TO
11   KALEB COLE,                              MOTION TO REOPEN DETENTION
                                              HEARING AND FOR RELEASE
12                Defendant.

13

14   **I.    <u>Introduction</u>**

15        Likely recognizing that a clear look at this case reveals simply a young man with no

16   criminal history and no history of violent acts who is accused of making at most implicit threats,

17   in a situation where the government has access to insider communication that reveals that the

18   defendants were not in fact planning any actual violence, and that based on these circumstances

19   the government cannot meet its burden of overcoming the presumption of release, the government

20   doubles down on its strategy of attempting to show guilt by association, appealing to negative

21   pre-associations, and drawing unwarranted conclusions related to Mr. Cole's alleged possession

22   of firearms.  The defense asks the Court to refrain from basing its decision on these considerations,

23   evaluate the case in a manner free from bias, and issue an order releasing Mr. Cole on conditions

24   sufficient to ensure his appearance and protect the community, as warranted by the relevant facts.

25

DEFENDANT'S REPLY RE: MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

This memorandum will address a number of points raised in the government's response to the initial motion.  <u>See</u> Dkt. No. 65 ("Response").

## II.   <u>The Court should not credit the government's continued reliance on facts unrelated to Mr. Cole and on Mr. Cole's alleged engagement in constitutionally protected activity.</u>

The government's response reiterates many of the facts alleged in the complaint which should bear little relevance on the issues related to the question of Mr. Cole's detention in this matter, as they are inadequately supported or do not pertain to him.  The government describes Mr. Cole as a leader of Atomwaffen Division (AWD) but does not indicate what it means to be a leader, or even a member, of this organization, whether there is some formal structure for the organization, or how members of this organization communicate with each other.  It seems clear that the government is suggesting that Mr. Cole is dangerous simply because he is a member of this group, but provides no information about whether, or how, individual members of this group interact or act in concert.  Similarly, the government describes actions taken by other members of AWD as a group or on their own (e.g. the murders allegedly committed by D.A. or the possession of bomb-making equipment by B.R.) as part of Mr. Cole's background, without suggesting, let alone providing evidence, that Mr. Cole was personally involved or even aware of these actions.  Without any evidence of such personal knowledge, or of facts suggesting that Mr. Cole may have been some part of any of this, all of this information is simply irrelevant and unfairly prejudicial and should not form any part of a basis to detain Mr. Cole.

Likewise, the government continues to propound Mr. Cole's alleged association with highly unpopular ideologies and beliefs, and constitutionally protected activity related to such association, as part of a basis to detain Mr. Cole.  The Court should not credit these attempts to appeal to negative pre-associations.  The government has submitted a number of alleged photos

DEFENDANT'S REPLY RE: MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

of Mr. Cole including: posing in front of Auschwitz, dressed in Ku Klux Klan regalia, and posing with people giving "Heil Hitler" hand signals.  Such images are associated with the kind of racism and white supremacy that most people (presumably including the Court) find abhorrent. However, holding or advocating those kinds of beliefs unquestionably comprises constitutionally protected activity, and as such these are not the kind of facts that can support holding someone in jail.  See R.A.V. v. City of St. Paul, Minn., 505 U.S. 377, 385 (1992).  Production of the messaging videos the government has submitted as Exhibits A and B likewise falls within the protections of the First Amendment.  See Brandenburg v. Ohio, 395 U.S. 444, 447 (1969).

### III.   Mr. Cole's alleged possession of firearms does not support his detention.

The Government in its response to the instant motion, as in the Complaint, takes great issue with Mr. Cole's alleged possession of firearms and the circumstances surrounding such possession.  However, the government notably does not:

1.  Counter in any way the assertion by the defense that the Extreme Risk Protection Order (ERPO) issued against Mr. Cole was not based on even a single violent act committed, or threat made, by Mr. Cole;

2.  Counter in any way the assertion by the defense that even if Mr. Cole possessed a firearm in Texas after the ERPO issued it did not constitute a violation of the ERPO because Washington state criminal jurisdiction over such allegations does not extend to Texas;

3.  Assert that Mr. Cole has ever violated any law related to his ability to possess firearms or that he possessed illegal firearms or firearm components; or

4.  Assert that Mr. Cole ever used a firearm in a dangerous or illegal manner.

DEFENDANT'S REPLY RE: MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

At base, when viewing particularized facts about Mr. Cole, there is no basis to conclude that he presents a danger vis-à-vis firearms, especially not if he were released on federal supervision to his father's home during the pendency of this case and electronically monitored.

## IV.    The nature of the offense in this matter does not support Mr. Cole's detention.

If the Court looks past the prejudicial and inflammatory information provided by the government, and focuses on the actual allegations, it should become clear that the alleged criminal behavior in this case does not support detention.

The government has charged offenses under two statutes, 18 U.S.C. § 876(c) (mailing threatening communications), and 18 U.S.C. §371 (conspiracy).  Each of these crimes carries a 5-year statutory maximum sentence. 18 U.S.C. § 876(c); 18 U.S.C. §371.  All of the charges in the indictment pertain to alleged threats rather than alleged violent actions. Dkt. # 16.  As described in the complaint, the alleged threats consist of messages stating that the senders know where the recipients live and are watching the recipients, that the recipients should not f*** with the senders, and that the recipients' "actions have consequences."  Such statements at most consist of implicit threats.  As noted in the initial motion, whether these statements rise to the level of "true threats" (i.e. statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals, see Virginia v. Black, 538 U.S. 343, 359 (2003)) is a question which will ultimately be determined by the finder of fact.  In any event, however, crimes of this seriousness level are typically not of the sort that would warrant pretrial detention.

The government has not alleged offenses involving violent action nor has it alleged facts that would support such charges.  And, crucially, it is not the case that the Court must simply speculate as to whether the alleged participants in the offense may have actually intended violent actions in conjunction with this offense or in the future.  The reason for this is that the government

DEFENDANT'S REPLY RE: MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE
(Kaleb Cole; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

had covert sources interacting and communicating with the defendants in this case during the entire period the defendants were allegedly devising and discussing the plan.[1]  Indeed, these communications are the basis for the government's case.   None of the many recorded communications in this matter suggest that Mr. Cole, or any other defendant, intended actual violence.  And because the defendants were unaware of the presence of covert sources during these communications they would have had no reason to refrain from discussion of any other more dire plans.  As such, the Court need not speculate about whether the defendants had true intentions for any sort of actual violence.  Instead, the communications reveal, if anything, an attempt to limit any perceived threatening component to the messages being planned.  See Complaint, Dkt. #1 at 15 (alleging that one of Mr. Cole's co-defendants, during a private online chat, stated that: "COLE 'is developing a number of posters that are threatening but not explicitly'").

This is a case involving allegations of implicit threats made by someone without any criminal record, history of violence, or plan to engage in violence.  Such circumstances warrant release.

## V.   **Conclusion**

Based on the foregoing, and the arguments previously asserted, the Court should order Mr. Cole's release pursuant to 18 U.S.C. 3142(c) on appropriate conditions.

//

//

//

---

[1] This, of course, assumes the authenticity of the government's evidence.

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Respectfully submitted this 29th day of May, 2020.

                                   BLACK & ASKEROV, PLLC


                                   *s/ Christopher Black*
                                   Christopher Black
                                   Attorney for Kaleb Cole
                                   Black & Askerov, PLLC
                                   705 Second Avenue, Suite 1111
                                   Seattle, WA  98104
                                   Phone:        206.623.1604
                                   Fax:           206.658.2401
                                   Email:         chris@blacklawseattle.com

DEFENDANT'S REPLY RE: MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE
(*Kaleb Cole*; No. CR20-032 JCC) - 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401