UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>KALEB COLE,<br><br>                Defendant. | Case No. CR20-032JCC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE** |

## I.    INTRODUCTION

Before the Court is Defendant Kaleb Cole's Motion to Reopen Detention Hearing and for Release as referred to the undersigned by the Honorable John C. Coughenour. Dkt. #63. Defendant seeks to reopen the detention hearing in this matter pursuant to 18 U.S.C. §3142(f) and order his release pursuant to 18 U.S.C. §3142(c). The government opposes Defendant's motion. Dkt. #65. The Court reviewed video exhibits filed by the government. Dkt. #66. The Court read the defendant's Reply. Dkt. #71. Having considered the parties' submissions, the balance of the record, the arguments put forward during the June 5, 2020, hearing, and the information provided to the Court by the United States Probation and Pretrial Report the defendant's motion is DENIED. Defendant will remain in custody pending trial in this matter pursuant to the below order.

ORDER DENYING DEFENDANT'S MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE - 1

## II. BACKGROUND

On February 25, 2020, the government filed a complaint against Defendant Kaleb Cole and his three co-defendants, Cameron Shea, Taylor Ashley Parker-Dipeppe, and Johnny Roman Garza. Dkt. #1. The complaint charged all defendants with a single count of conspiracy to mail threatening communications and commit cyberstalking. *Id.* The defendants were arrested in different states all around the country the next day. Defendant Kaleb Cole was arrested in the Southern District of Texas. Dkt. #12. On March 2, 2020, he waived his right to an identity hearing and to a detention hearing in the district of his arrest and was transferred to the Western District of Washington. Dkt. #13.

The grand jury returned a four-count indictment on March 4, 2020, which charged the defendant with one count of conspiracy to mail threatening communications and counts two through four of mailing threatening communications. Dkt. #16. Defendant Kaleb Cole appeared for arraignment in the Western District of Washington on March 13, 2020. Dkt. #27. The government filed a motion for the defendant's detention. Dkt. #28. At the time of the detention hearing, the Court received no information about defendant's personal history, residence, family or community ties, employment history, financial status, health, and substance use. Dkt. #29. The defendant stipulated to detention and was ordered detained. *Id.* The Court granted the defendant leave to file a motion to reopen the detention hearing. *Id.*

Two co-defendants, Taylor Ashley Parker-Dipeppe and Johnny Roman Garza, who had been arrested in other districts and ordered detained following contested hearing in their districts of arrest, were later ordered released upon their arrival in this district. Dkts. #36, #42, and #47. Neither co-defendant was associated with firearms. Dkt. #65. Neither co-defendant was a leader of this conspiracy. *Id.* The Court, in releasing defendant Parker-Dipeppe, noted that he had health

issues that made him especially vulnerable to COVID-19. *Id.* Here, the defendant does not maintain that he has any particular health concerns. *Id.*

The issue of whether the defendant has the right to reopen the detention hearing is moot as the Court gave leave to reopen at the initial detention hearing. Dkt. #29. The Court, having conducted a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

### III.   REASONS FOR DETENTION AND FINDINGS OF FACT

Defendant is charged with a crime of violence, i.e., Mailing Threatening Communications, which involves a threat to injure another, 18 U.S.C. §876(c). *See* 18 U.S.C. §3142(f)(1)(A). There is a serious risk that the defendant will flee. *See id* §3142(f)(2)(A). The Court considers whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community. 18 U.S.C. §3142(f). The standards of proof differ with respect to the "risk of flight" and "dangerousness" prongs of the statute. A detention order based on the defendant's risk of flight ordinarily must be supported by only a preponderance of the evidence. *See, e.g., United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A detention order based on the defendant's dangerousness generally must be supported by clear and convincing evidence. 18 U.S.C. §3142(f).

The Court must determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(g). The court should consider:

ORDER DENYING DEFENDANT'S MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE - 3

(1) the nature and circumstances of the offense charged….;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including-
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) Whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release…
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The defendant is twenty-four (24) years old. He has no criminal history or history of violent acts. This offense is serious. The defendant targeted victims because of their religion and ethnicity, and otherwise sought to retaliate against journalists who had reported on Atomwaffen Division ("AWD") unfavorably. The defendant sought to instill fear and intimidation in his victims, and to make them feel unsafe in their own homes. Some of the victims submitted victim impact statements and feel more vulnerable due to the stay at home orders associated with the Covid-19 crisis; put another way, the defendant knows where they live and they are not allowed to leave their homes.

The defendant made numerous comments to hide his conduct and avoid law enforcement. He actively avoided a King County Warrant issued on December 16, 2019. In addition, the defendant is viewed as a risk of nonappearance due to his ties to another country, possession of a passport, recent international travel, sporadic employment, and unstable addresses.

The defendant is viewed as a risk of danger based on the nature of the instant offense, history of alleged weapon possession, and ties to an extremist organization.

///

///

///

ORDER DENYING DEFENDANT'S MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE - 4

It is therefore **ORDERED**:

(1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)   Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of any appearance in connection with a court proceeding; and

(4)   The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 9th day of June, 2020.

PAULA L. MCCANDLIS
United States Magistrate Judge

ORDER DENYING DEFENDANT'S MOTION TO REOPEN
DETENTION HEARING AND FOR RELEASE - 5