The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KALEB COLE,<br><br>    Defendant. | No. CR20-032 JCC<br><br>MOTION TO DISMISS INDICTMENT FOR VIOLATION OF SPEEDY TRIAL RIGHTS<br><br><u>Note on Motion Calendar</u>:<br>August 27, 2021 |

## I.    **RELIEF REQUESTED**

Defendant, Kaleb Cole, by his undersigned attorney, moves this Court for an order dismissing the indictment against him with prejudice pursuant to the United States Constitution, amendment VI, and 18 U.S.C. § 3161 and 3162, on the basis that his case has not been brought to trial in a timely manner.

## II.    **FACTS**

The government filed a complaint against Mr. Cole on February 25, 2020, charging a single count of conspiracy to mail threatening communications and commit cyberstalking. Dkt. # 1. Mr. Cole was arrested in the Southern District of Texas the next day. Dkt. # 12. On March 2, 2020 he waived his right to an identity hearing and to a detention hearing in the district of his arrest and was transferred to the Western District of Washington. Dkt. # 13.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

The grand jury returned a four-count indictment on March 4, 2020 which charged Mr. Cole with one count of conspiracy to mail threatening communications and commit cyberstalking and three counts of mailing threatening communications.[1] Dkt. # 16. Mr. Cole appeared in the Western District of Washington on March 13, 2020, and was arraigned that day. Dkt. # 27. He stipulated to detention and was ordered detained. Id. Mr. Cole moved to reopen his detention hearing on May 15, 2020. After briefing and a hearing, Magistrate Judge McCandlis ordered that Mr. Cole remain in custody. Dkt. # 80. Mr. Cole has been held at FDC SeaTac awaiting trial ever since. In all, he has been in custody for 534 days (just short of a year and a half) as of the date of filing this motion.

At Mr. Cole's arraignment on March 13, 2020, the Court set a trial date of April 27, 2020. Dkt. # 27. On March 17, 2020, Chief Judge Martinez issued General Order No. 02-20 relating to changes in court procedures related to COVID-19. On March 30, 2020 the government moved to continue Mr. Cole's trial date, citing the general order as well as numerous alleged impacts of COVID-19 on defense counsel's ability to prepare for trial. Dkt, # 48. Mr. Cole did not object to the continuance but he neither joined the motion nor filed a waiver of his right to a speedy trial. The court granted the motion on April 15, 2020, striking the trial date and setting a status conference on June 2, 2020. Dkt. # 58. The Court excluded time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). Id.

On May 14, 2020, the Court issued a minute order resetting the status conference from June 2, 2020 to August 4, 2020. Dkt. # 62. The Court neither sought nor received input from the parties on this additional continuance. The Court issued additional minute orders *sua sponte*

---

[1] The grand jury later returned a superseding indictment that added a count of interference with federally protected activities. Dkt. # 94.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

rescheduling the status conference, first from August 4, 2020 to September 15, 2020, and then from September 15, 2020 to October 20, 2020. Dkt # 89, 107.

Prior to the October 20, 2020 status conference the government filed a motion requesting that the Court 1) issue an order excluding the time between June 2, 2020 and October 20, 2020 from speedy trial calculations, and 2) set a trial date at the status conference. Dkt. # 118. In response, the Court issued an order vacating the status conference, continuing trial to March 22, 2021, and excluding all time for speedy trial purposes from April 15, 2020 to March 22, 2021. Dkt. # 131. Mr. Cole was not given an opportunity to object to this additional continuance prior to the Court issuing its order and did not waive his speedy trial rights in conjunction with this continuance.

On February 1, 2021 the government again moved to continue the trial date, based largely on the continuing general orders related to COVID-19. Dkt. # 154. The government's motion noted Mr. Cole's objection to the requested continuance. Mr. Cole did not waive his right to a speedy trial. The Court continued trial to the present date of September 20, 2021, and excluded time under 18 U.S.C. section 3161(h)(7)(A). Dkt. # 169.

### III. ARGUMENT

**A. The Court should dismiss the indictment pursuant to the Speedy Trial Act**

The Speedy Trial Act requires that a defendant's trial begin within 70 days of the filing of the indictment or the defendant's initial court appearance, whichever is later. 18 U.S.C. § 3161(c)(1). The Act does recognize, however, that legitimate needs of the government and of a criminal defendant may cause permissible delays. United States v. Daychild, 357 F.3d 1082, 1090 (9th Cir. 2004). These "permissible delays" have been codified in the Speedy Trial Act, which articulates bases justifying exclusion of time, such as: a period of mental or physical

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

incompetence of a defendant to stand trial, the unavailability of the defendant or an essential witness, or the pendency of pretrial motions. See 18 U.S.C. § 3161(h)(1) – (6). In addition to the specific bases for excluding time, there is also a general category at subsection 3161(h)(7) that allows for the exclusion of time where a judge finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3162(h)(7)(A).

The Speedy Trial Act mandates that if trial does not commence within 70 days – subtracting any valid exclusions of time – the accused may move to dismiss the charges against him at any time before the commencement of trial or the entry of a guilty plea. If the accused establishes a Speedy Trial Act violation, he is entitled to a dismissal of the charges. "If a defendant is not brought to trial within the time limit required by §3161(c) as extended by §3161(h), the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. §3162(a)(2). The strictness of this remedy highlights the importance of the rights it protects. See United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997) ("Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of that goal.").

The Court should dismiss the indictment because Mr. Cole's trial did not commence within 70 days of his arraignment and the delays do not rise to the level of good cause that justifies the exclusion of time for the speedy trial calculation.

1. <u>The time within which the government may bring Mr. Cole to trial expired long ago</u>.

Mr. Cole was arraigned on March 13, 2020, and his trial is currently scheduled for September 27, 2021. Over 18 months will have passed between his arraignment and his trial.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

Other than a few periods where pretrial motions were pending, the "speedy trial clock" was ticking in this matter but for the Court's finding that the ends of justice were served by continuing trial. As such, whether the government may still bring Mr. Cole to trial depends on the validity of the Court's findings under the "ends of justice" provision, § 3161(h)(7)(A).

That provision is to be "rarely used." See United States v. Nance, 666 F.2d 353, 355 (9th Cir. 1982). Subsection (h)(7)(A) allows courts some flexibility to accommodate "unusual, complex, and difficult cases," but Congress was wary of the danger that "ends of justice" exclusions would "get out of hand" and swallow the Speedy Trial Act's detailed scheme. Zedner v. United States, 547 U.S. 489, 507, 509 (2006). The Speedy Trial Act attempted to thwart such misuse by "counteract[ing] substantive open-endedness with procedural strictness." Id; and see United States v. Clymer, 25 F.3d 824, 829 (9th Cir. 1994) ("[T]he 'ends of justice' exclusion . . . may not be invoked in such a way as to circumvent the time limitations set forth in the Act"). "Realizing that broad discretion would undermine the mandatory time limits of the Act, Congress intended that the ends of justice continuance be rarely used." United States v. Perez-Reveles, 715 F.2d at 1351 (internal citations and quotations marks omitted).

To keep a tight rein on the "ends of justice" exclusions of time, any such exclusions require case-specific findings:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

Put another way, an "'ends of justice' exclusion must be (1) specifically limited in time and (2) justified with reference to the facts as of the time the delay is ordered." United States v.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 5

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

Ramirez-Cortez, 213 F.3d 1149, 1154 (9th Cir. 2000) (internal citations and quotation marks omitted). The narrow discretion granted to the trial court to enter an exclusion under the "ends of justice" provision is expressed by the particular factors set forth at subsection 3161(h)(7)(B):

> (i) "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;"
> (ii) whether the unusual nature or complexity of the case makes it "unreasonable to expect adequate preparation" within the time limits established by the Act;
> (iii) relating to Speedy Trial delays based on delay in the filing of the indictment; or
> (iv) whether the denial of the continuance would "deny the defendant reasonable time to obtain counsel," deny the defendant or government continuity of counsel or deny either party "reasonable time necessary for effective preparation" accounting for due diligence.

18 U.S.C. § 3161(h)(7)(B).

The defense submits that the circumstances that have been cited in order to justify the repeated continuances in this matter do not pass muster under the parameters set forth in the Speedy Trial Act (although we recognize that the Court has already found otherwise). All of the continuances in this case were granted based on circumstances associated with the COVID-19 pandemic. The defense takes the position that these circumstances do not in fact justify the lengthy delay of Mr. Cole's case.

While the defense of course recognizes that the pandemic has had a significant impact on the world in many ways, it does not necessarily follow that with some reasonable accommodations Mr. Cole's trial could not have occurred earlier than it is scheduled. During the year and a half that Mr. Cole has been waiting in jail, procedures could have been developed in order to safely conduct trials. The general orders rest on the premise that existing infrastructure could not accommodate trials. They do not allow for the possibility that with some changes or non-traditional ideas, trials could have actually been conducted.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

The defense additionally notes that developments since the general orders were issued support the proposition that a jury trial can be safely conducted despite the fact of the COVID-19 pandemic. The pandemic is again surging, and new infections are occurring at a rate far greater right now than when the general order shutting down trials was initially issued. The seven-day average of new cases in Washington state on March 17, 2020, the day the order issued, was **90**. As of yesterday, August 12, 2021, it was **2545**. https://www.nytimes.com/interactive/2021/us/washington-covid-cases.html. While the numbers fluctuated in the intervening period, we are currently near the high-water mark of **3411** new infections per day, from December 13, 2020. Id. Courts in the Western District of Washington are currently moving forward with trials despite these numbers, which suggests that it could have done so earlier.

None of this argument should be taken to suggest that the defense is minimizing the impact of the pandemic. Rather, we are acknowledging that other very important interests are at stake, and that there could have been a better way to address all these interests rather than simply shutting down jury trials for over a year. And, given the potential alternatives, the pandemic does not serve to justify the suspension of Mr. Cole's right to a speedy trial for over a year.

2. The indictment should be dismissed with prejudice.

The Court should dismiss the indictment with prejudice. "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: [(1)] the seriousness of the offense; [(2)] the facts and circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). The Court may also consider the prejudice to the defendant, which is a relevant but not a dispositive factor.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 7

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

See United States v. Taylor, 487 U.S. 326, 334 (1988). These factors weigh against permitting the government to seek a new indictment this case.

While the offense in this case is serious, that is not determinative. Indeed, in United States v. Clymer, 25 F.3d 824, 831 (9th Cir. 1994), the court affirmed the dismissal with prejudice of an indictment charging an even more serious offense--conspiracy to distribute methamphetamine and aiding and abetting manufacture of methamphetamine with a potential mandatory minimum sentence of 20 years. Unlike in Clymer, Mr. Cole does not face a mandatory minimum sentence. Furthermore, he is not charged with a crime of violence. And finally, while every defendant is of course different, it is instructive that the Court has already sentenced two of Mr. Cole's alleged co-conspirators, who received sentences of sixteen months and time served, relatively short sentences in federal criminal cases

The second factor weighs in favor of dismissal with prejudice because it was the Court that was responsible for the delay, rather than Mr. Cole. See United States v. Ramirez, 973 F.2d 36, 39 (1st Cir. 1992) ("When a STA violation is caused by the court of the prosecutor, it weighs in favor of granting a dismissal with prejudice."). The delays in this case resulted from the general orders that halted trials for over a year. Mr. Cole did not contribute, or assent, to the delay. As described above, the issues related to the COVID-19 pandemic, while significant, were not of such a character to justify the drastic result of completely halting criminal jury trials. There is no denying that these are unusual times, but logistical concerns cannot outweigh statutory rights that flow from fundamental Constitutional protections. See id. (affirming the dismissal with prejudice and concluding that even though the violation stemmed from an oversight and not malice, that is "no excuse for a STA violation").

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 8

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

Furthermore, "the length of the delay standing alone is a significant 'measure of the seriousness of the speedy trial violation.'" Clymer, 25 F.2d at 832 (quoting Taylor, 487 U.S. at 340)). By the time of his trial, Mr. Cole will have waited for more than a year and a half since his arraignment. He has been incarcerated the entire time and has never waived his right to a speedy trial. And this incarceration has been an excruciating experience. Mr. Cole has been incarcerated through one of the most difficult times to be held in custody in memory. The COVID pandemic resulted in Mr. Cole: 1) being held in conditions where he was forced to be exposed to COVID-19 and unable to do anything about it, 2) being held repeatedly in lockdown conditions, without being able to see or talk to anyone, and 3) actually contracting COVID. An 18-month delay is significant in almost any context; to Mr. Cole it has been interminable. And it seems eminently fair that the Court should consider the impacts of the pandemic on Mr. Cole's incarceration as it considers whether the pandemic justified the trial shutdown which inevitably resulted in this kind of impact on Mr. Cole (and of course many others).

The third factor also weighs in favor of dismissal because re-prosecution will undermine the purpose of the STA and compromise the administration of justice. "Congress designed the Speedy Trial Act in part to protect the public's interest in the speedy administration of justice, and it imposed the sanction of dismissal under § 3162 to compel courts and prosecutors to work in furtherance of that goal." United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997). And, this is not "an isolated unwitting violation." Taylor, 487 U.S. at 339. Rather, many defendants in this district are undoubtedly faced with the same set of circumstances as is Mr. Cole. A significant sanction is necessary to curtail the disregard for the duty to bring criminal cases to trial expeditiously. Id. at 342 ("It is self-evident that dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 9

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

procedures, reducing pretrial delays.").

Because analysis of each relevant statutory factor weighs in favor of a dismissal with prejudice, the Court should enter an order prohibiting the government from seeking a new indictment on these charges.

**B. The Court should dismiss the indictment based on violation of Mr. Cole's Sixth Amendment Speedy Trial Right.**

The indictment should also be dismissed for the independent violation of Mr. Cole's constitutional right to a speedy trial.

"The Sixth Amendment guarantees that criminal defendants 'shall enjoy the right to a speedy and public trial . . . .'" United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008) (citing U.S. Const. amend. VI). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." U.S. Const. amend. VI. The Supreme Court has held that the right to a speedy trial is "one of the most basic rights preserved by our Constitution." Klopfer v. North Carolina, 386 U.S. 213, 223, 226 (1967). The right to a speedy trial attaches at the initiation of judicial proceedings. United States v. Gouveia, 467 U.S. 180, 185-86 (1984); United States v. Mills, 810 F.2d 907, 909 (9th Cir. 1987).

The Supreme Court has rejected inflexible approaches to determining whether a constitutional speedy trial violation has occurred. See Barker v. Wingo, 407 U.S. 514, 529 (1972). Relying on Barker, the Ninth Circuit's balancing test examines the conduct of the parties and the impact of the delay on the defendant as well as the public, which shares in the right to a speedy trial. United States v. Myers, 930 F.3d 1113, 1119 (9th Cir. 2019). Myers requires an examination of four, non-exhaustive factors: i) the length of the delay, ii) the reason for the delay, iii) the defendant's assertion of his right to a speedy trial, and iv) whether there is prejudice to the defendant. Myers, 930 F.3d at 1119. These factors are balanced against each other on a case-by-

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 10

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

case basis. Id. No one factor is necessary or sufficient; rather, they must be considered together, along with any other relevant circumstances to the inquiry. Id.

These factors all favor dismissal. First, as described above, a delay of 18 months is quite lengthy for an incarcerated person in any case, but in this case it has been horrific. Second, also as discussed above, the delay in this matter is due to the Court's refusal to implement protocols for jury trials. Though was of course done without malice, this fact should be considered since the ultimately responsibility for such circumstances must rest with the Court rather than the defendant. Third, Mr. Cole has never waived his right to a speedy trial, and other than the very first continuance either has not been given an opportunity to object to continuances or has asserted an objection. In any event, the idea that the failure of the defendant to demand a trial gives rise to a finding of waiver has been rejected. Barker, 407 U.S. at 530.

Finally, the prejudice to Mr. Cole from the delay in this matter is hard to overstate. In considering this factor, the Supreme Court held that a court should evaluate the three interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Barker v. Wingo, 407 U.S. at 532.

Throughout the case, Mr. Cole has been in pretrial incarceration. The speedy trial right "was designed to protect," first, "oppressive pretrial incarceration." A period of 18 months of incarceration is far greater than the 70 day limit to be brought to trial; it is also far greater than the 90 days by which a defendant must be tried or released. See 18 U.S.C. § 3164(b). The statutory measure of the constitutional right, therefore, would clearly deem the length of time in which Mr. Cole has been in pretrial incarceration "oppressive." The Supreme Court in Barker v. Wingo stated:

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(Kaleb Cole; No. CR20-032 JCC) - 11

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

> We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time.

Barker v. Wingo, 407 U.S. at 532 – 533.

The "anxiety and concern of the accused" has been greatly affected as well: Mr. Cole has faced heightened risk of contagion because of the nature of carceral settings, he has in fact contracted COVID-19 during an outbreak of the virus at FDC SeaTac, and he has lived with an awareness of the persistent closure of the federal courthouse, and the attendant uncertainty, for almost the entire 18-month period of his incarceration.

A court balances all four of these factors in a practical, case-by-case analysis and none of the four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." Barker v. Wingo, *supra*, at 533. Mr. Cole has been sitting in custody for 18 months following the indictment in this case and he has never waived his right to a speedy trial. Whether or not this Court finds that the delay is based on the COVID-19 pandemic, as opposed to any failure by the Court to adequately safeguard Mr. Cole's statutory rights under the Speedy Trial Act, it is clear that the Barker v. Wingo factors are relatively unaffected by whose fault the delay is. A violation of Mr. Cole's rights in this case amounts to a constitutional violation under the governing case law.

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 12

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss the indictment with prejudice.

Respectfully submitted this 13th day of August, 2021.

                                BLACK & ASKEROV, PLLC

*/s/ Christopher Black*

Christopher Black, WSBA No. 31744
Attorney for Kaleb Cole
Black & Askerov, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone:      206.623.1604
Fax:        206.658.2401
Email:      chris@blacklawseattle.com

MOTION TO DISMISS INDICTMENT FOR
VIOLATION OF SPEEDY TRIAL RIGHTS
(*Kaleb Cole*; No. CR20-032 JCC) - 13

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401