The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KALEB COLE,<br><br>   Defendant. | No. CR20-032 JCC<br><br>DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SUPPRESS EVIDENCE |

### I. INTRODUCTION

Defendant, Kaleb Cole, by his undersigned attorneys, files the following reply to the Government's response, (Dkt. No. 200) to his motion to suppress evidence seized from Mr. Cole's alleged residence located at 1218 Oxon Run, Montgomery, Texas, pursuant to the search warrant issued in this case.  Dkt. No. 194.

### II. ARGUMENT

**A. The Search Warrant Affidavit Does Not Establish Probable Cause to Search Mr. Cole's Home, Especially with the Information Provided by the Confidential Informant Stricken from the Affidavit.**

The government argues in response to Mr. Cole's motion to suppress that even without the information provided by the confidential informant ("CI"), the search warrant affidavit contained enough information tying Mr. Cole to the alleged Atomwaffen plot to intimidate journalists to

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

establish probable cause to search his home. The defense maintains that because there was no information connecting Mr. Cole to the moniker on the Wire chat string attributed to Mr. Cole in the affidavit, the affidavit submitted in support of the search warrant application for the search of Mr. Cole's alleged residence fails to establish probable cause as written. But when the information provided to law enforcement is stricken, as required under <u>Franks</u>, it becomes especially clear that probable cause to search the residence was lacking.

 First, the government asserts that the chat string provided to law enforcement by the CI, portions of which are included in the warrant affidavit, established the existence of a plot to intimidate journalists by Mr. Cole's alleged co-conspirators. The government asserts that this chat string served as independent evidence that a crime was being planned. The government's analysis glosses over the importance of the fact that the chat string was provided to the government by a confidential informant and thus, the chat string, along with the CI's representations about its contents and context was all information that came directly from the informant and was dependent on the informant's credibility. In other words, the chat string does not constitute independent corroborating evidence, but is itself information obtained from an informant. Notably missing from the affidavit is information about how the informant obtained the screen shots of the chat string, information about how and the form in which the screen shots were provided to law enforcement, and information about how law enforcement determined the chat string's authenticity.

 Second, the government contends that evidence of Mr. Cole's involvement in the alleged plot could be established by information in the government's possession that was independent of the chat string provided by the CI. The government points to a recording from 2018 containing what is described as Mr. Cole's voice calling on Atomwaffen supporters to "approach them [journalists] with nothing but pure aggression." Again, the government overlooks the importance of the fact that

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

the recording was provided to law enforcement by the same informant who provided law enforcement with the chat string, and based on that fact the accuracy of the recording is dependent on the credibility of the government's informant.  It is not unfathomable for example that the informant who provided the recording to the government misrepresented the nature of the recording or manipulated the recording.  Additionally, while the government asserts in its response that law enforcement had listened to the recording and recognized Mr. Cole's voice, this information is not included in the affidavit and as discussed in more detail below is therefore irrelevant to the probable cause determination.  All the affidavit states is that the CI had told law enforcement about the recording in question.  See Affidavit at ¶15.  More generally, it requires a tremendous logical leap to argue that vague comments about responding aggressively to reporters that Mr. Cole allegedly made back in 2018 establish probable cause that Mr. Cole was involved in an alleged plot to intimidate journalists in 2020.

       The government also argues that the fact that Mr. Cole was previously personally identified by the press in news articles, and made statements to the FBI in July, 2019 about the media targeting him and sensationalizing Atomwaffen, provides additional independent evidence of Mr. Cole's involvement in the alleged plot.  But surely, without specific information tying Mr. Cole to the alleged plot, Mr. Cole's prior mentions in the news reports, alleged affiliation with members of Atomwaffen, and criticism of the media, is not enough to establish probable cause. See e.g., United States v. Huguez-Ibarra, 954 F.2d 546, 551 – 52 (9th Cir. 1992) (association with persons involved win crime is insufficient to establish probable cause).  It bears noting that around the time of Mr. Cole's alleged statements the President of the United States himself had regularly and vigorously

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(Kaleb Cole; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

criticized the mainstream media, going as far as to call the mainstream media the "ENEMY OF THE PEOPLE" in a tweet.[1]

Third, the government states that several messages on the chat string provided by the CI to law enforcement establish by their content that Mr. Cole used the moniker पकजबतचषथबल in the message thread and was involved in organizing the alleged plot. These messages consist primarily of the responses that the user of पकजबतचषथबल made within the chat string during discussions about news articles pertaining to Mr. Cole. However, the photographs of the messages allegedly posted in response to the articles in question by पकजबतचषथबल were not included in the warrant affidavit, and in reviewing a warrant affidavit, the Court is limited to information in the four corners of the affidavit when making a probable cause determination. As such, the messages and all other information that was not included in the warrant affidavit are immaterial. A probable cause determination is based only on what is included in the affidavit not on what the affiant may have known but failed to include in the affidavit. See United States v. Luong, 470 F.3d 898, 904 (9th Cir. 2006); United States v. Gourde, 440 F.3d 1065, 1067 (9th Cir. 2006); United States v. Loughton, 409 F.3d 744, 752 (6th Cir. 2005).

Finally, the government cites a number of cases asserting that they stand for the proposition that where a law enforcement officer makes a conclusory assertion that a suspect uses a particular moniker or nickname, a court may rely on the officer's assertion for the purpose of its probable cause determination without looking into the factual basis for the officer's assertion. However, the cases cited by the government simply do not support that proposition.

---

[1] "Trump ramps up rhetoric on media, calls press 'the enemy of the people.'" Brett Samuels, *The Hill*, April 25, 2019, https://thehill.com/homenews/administration/437610-trump-calls-press-the-enemy-of-the-people.

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(*Kaleb Cole*; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

In the cases cited by the government, law enforcement confirmed the suspects' nicknames through independent investigation and there were facts about the investigation before the court. See e.g., United States v. Angulo-Lopez, 8 F.3d 30 (9th Cir. 1993) (unpublished) ("There was unrefuted testimony by the arresting agent that he did not arrest [defendant] until he confirmed that [defendant's] nickname was "Jesse"); United States v. Rios-Lopez, 2011 U.S. Dist. Lexis 161777 (2011) (officers had investigated suspect for a number of years and knew of the suspects nickname through that investigation). Here, other than stating that the members of the chat string were identified through Confidential Human Source reporting, the affidavit says nothing about how law enforcement came to believe that Mr. Cole used the moniker पकजबतचषथबल. It is black letter law that an officer's conclusory statements should not be assigned any weight in the probable cause where they are unsupported by facts. See United States v. Cervantes, 703 F.3d 1135, 1139 (9th Cir. 2012) ("But in the absence of any underlying facts as to why Hankel suspected the house was a "stash house," this statement is entitled to little, if any, weight in the probable cause analysis."). The affiant's bare assertion that Mr. Cole was पकजबतचषथबल could not support a probable cause finding without any facts included in the affidavit to support the affiant's conclusion.

### B. The Government's Briefing Ignores Binding Ninth Circuit Precedent on Confidential Informants in Favor of Out-of-Circuit Precedent.

The government cites a Seventh Circuit case, asserting that a Franks hearing "is not required every time some substantial adverse information about an informant's credibility is omitted from a probable cause affidavit." See United State v. Clark, 935 F.3d 558, 565 (7th Cir. 2019). The government's reliance on out-of-circuit precedent appears to be an attempt to sidestep binding Ninth Circuit precedent on the issue. See Carillo v. County of Los Angeles, 798 F.3d 1210, 1223 (9th Cir.

2015) ("Only in the absence of binding precedent do we consider other sources of decisional law such as out-of-circuit cases."). As discussed at length in Mr. Cole's motion, in the Ninth Circuit, a law enforcement officer is always required to disclose when a confidential source has an ulterior motive for providing information and failure to disclose such information is always considered a material omission for purposes of Franks analysis. See United States v. Martinez-Garcia, 397 F.3d 1205, 1216 (9th Cir. 2005) (holding that knowingly omitting information that incentives had been provided to the CI satisfies the first prong of the Franks test); United States v. Meling, 47 F.3d 1546, 1553 (9th Cir. 1995). Here, the government concedes that the informant in question was paid substantial amounts of money for his involvement in the investigation and that this information was omitted from the affidavit. This omission was clearly material for Franks purposes under well-established Ninth Circuit precedent.

The government further contends that the omission of the information pertaining to the substantial benefits that the informant received was neither intentional nor reckless because the affiant could not have appreciated the importance of the informant's credibility to the probable cause inquiry. First, it is simply not credible that the affiant did not believe that the credibility of the informant would be material to the probable cause determination where virtually all the information connecting Mr. Cole to the alleged plot came directly from the informant. This includes the chat string provided to the government about the alleged plot, the recording of Mr. Cole allegedly calling for aggression against reporters, and information about Mr. Cole's alleged role in the organization and past activities.

Second, Ninth Circuit precedent is clear that where it comes to the credibility of informants, the omission of information bearing on an informant's credibility is considered intentional or reckless for purposes of Franks analysis. See Frimmel Management, LLC v. United States, 897 F.3d

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(Kaleb Cole; No. CR20-032 JCC) - 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

1045, 1052 (9th Cir. 2018) (holding that omissions regarding credibility of informants must have been intentional or reckless given their significance). Here, the failure to include information about the benefits provided to the CI in exchange for his cooperation with law enforcement cannot be dismissed as a mere oversight. This is especially so given the fact that CI is a known white supremacist and propagandist who was paid tens of thousands of dollars by the FBI for providing information during the course of the law enforcement investigation of Atomwaffen.

Further, because the failure to include information relevant to the CI's credibility amounted to a Franks violation, the Government cannot rely on the good faith exception to save the fruits of the unlawful search of Mr. Cole's home. See United States v. Leon, 468 U.S. 897, 923 (1994). The defense also maintains the Government cannot rely on the good faith exception in this case because even aside from the Franks violation, the warrant was so lacking in indicia of probable cause, specifically facts establishing a link between Mr. Cole and the moniker पकजबतचषथबल, that there were no reasonable grounds to believe the warrant was properly issued. Id. at 922 – 23.

### III.  CONCLUSION

For the foregoing reasons and the reasons previously submitted, the defense respectfully requests that the Court grant its motion to suppress all evidence seized during the unlawful search of Mr. Cole's alleged residence located at 1218 Oxon Run, Montgomery, Texas, in this matter.

DEFENDANT'S REPLY TO GOVERNMENT'S
RESPONSE TO MOTION TO SUPPRESS EVIDENCE
(*Kaleb Cole*; No. CR20-032 JCC) - 7

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Respectfully submitted this 27th day of August, 2021.

BLACK & ASKEROV, PLLC

_____
Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com

s/ Teymur Askerov
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com

Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:     206.623.1604
Fax:        206.658.2401