THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>KALEB COLE,<br><br>                Defendant. | CASE NO. CR20-0032-JCC<br><br>ORDER |

      This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 193). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.      BACKGROUND

      Defendant is charged by superseding indictment with one count of Conspiracy to Mail Threatening Communications and to Commit Cyberstalking, three counts of Mailing Threatening Communications, and one count of Interference with Federally Protected Activity. (Dkt. No. 94.) He has been detained pending trial since his February 26, 2020 arrest. (*See* Dkt. Nos. 27, 31.) He was arraigned and had his initial appearance on the original indictment in March 2020 and trial was originally scheduled for April 27, 2020. (*Id.*)

      Beginning in March 2020, Chief Judge Martinez issued a series of General Orders suspending criminal jury trials in the Western District of Washington based on local COVID-19

conditions. *See* W.D. Wash. General Order Nos. 01-20, 02-20, 07-20, 08-20, 11-20, 13-20, 15-20, 18-20, 04-21. During this time, the Government twice moved to continue trial, citing the inability of the Court to conduct trial while the pandemic raged. (Dkt. Nos. 48, 118.)[1] The Court granted both motions and continued the trial dates some number of months. (*See* Dkt. Nos. 58, 132.) It did so based upon findings that (a) the inability to obtain an adequate spectrum of jurors representing a fair cross section of the community and (b) the inability of jurors, witnesses, counsel, and court staff to be present, in light of the need to protect the public from the risk of COVID-19 transmission, would result in a miscarriage of justice if trial were to go forward as planned. (*Id.*) The Court also excluded the amount of time through the newly proposed trial dates pursuant to the Speedy Trial Act. (*Id.*)

Based on the expanding availability of COVID-19 vaccines, the courthouse reopened for criminal jury trials in March 2021, but it did so only on a limited basis so as to assure public health. *See* W.D. Wash. General Order No. 04-21 at 2. Given this limitation, the Government again moved to continue the trial scheduled for March 22, 2021, again citing local COVID-19 conditions. (*See* Dkt. No. 154.) The Court granted that request after finding that moving forward with a trial in March 2021 would result in a miscarriage of justice. (*See* Dkt. No. 169.) The Court moved the trial to September 20, 2021 and excluded the time through this new date pursuant to the Speedy Trial Act. (*Id.*)

Defendant believes that the Court's delay in trying his case violated the Speedy Trial Act and his Sixth Amendment right to a speedy trial. (*See* Dkt. No. 193.) He moves for dismissal of the superseding indictment. (*Id.*)

---

[1] According to the first of the Government's motions to continue, which Defendant lodged no objection to, the pandemic impacted not just courthouse operations. It also impacted defense counsel's ability to confer with his client, fully investigate the matter, and explore all defenses. (*See* Dkt. No. 48 at 2–3.) This would have been an independent basis to find that proceeding to trial as scheduled would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7).

## II. DISCUSSION

### A. Speedy Trial Act

The Speedy Trial Act generally requires that a defendant be brought to trial within 70 days of an initial appearance or indictment. *See* 18 U.S.C. §§ 3161(c)(1), (h). However, the Act contains various tolling periods, which include the pendency of certain motions and "any period of delay" when a court finds that the "ends of justice" served by a continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §§ 3161(h)(1), (7).

Here, the Court made contemporaneous findings supporting "ends of justice" continuances based upon the unprecedented challenges brought by the COVID-19 pandemic before a vaccine became widely available. (*See* Dkt. Nos. 58 at 1–2, 132 at 1–2, 169 at 1–2.) Defendant does not provide the Court with a basis to revisit those findings.[2] Moreover, the factors articulated in *U.S. v. Olsen* do not support Defendant's position. *See* 995 F.3d 683, 692 (9th Cir. 2021).

While Defendant's detention pending trial has been significant, he has not consistently invoked his speedy trial rights. In fact, the only time he raised an objection to a continuance was in February 2021, and he did so through the *Government's* reporting. (*See* Dkt. No. 154 at 3.)[3] Nor does Defendant assert that, while detained pending trial, he belonged to a population particularly susceptible to complications if infected with COVID-19. (*See generally* Dkt. No. 193.) In addition, the charges against Defendant are serious—hate crimes targeting Jewish and

---

[2] Defendant's attempt to contrast the state of the COVID-19 pandemic while the courthouse was closed to the current state of the pandemic is not well taken. (*See* Dkt. No. 193 at 7.) Until recently, COVID-19 vaccines were not widely available. *See* W.D. Wash. General Order No. 10-21 at 1 (noting that "a significant majority of adults in this district have now been fully vaccinated against the novel Coronavirus"). Had the Court required prospective jurors to serve before this point, it risked impacting the health of the jurors and the fairness of the trial. While, undoubtedly, health risks associated with the COVID-19 pandemic continue, they are materially different than they were before.

[3] Further, the Court notes that, according to the Government's reporting, Defendant's counsel indicated that, "even with the exercise of due diligence, [counsel] would not be able to try this case prior to a date in late July." (Dkt. No. 154 at 3.)

other minority journalists. (*See* Dkt. No. 94.) There is also a reason to suspect recidivism if the indictment were dismissed. According to the affidavit supporting a search warrant, Defendant was subject to an Extreme Risk Protection Order beginning in September 2019, yet he was found riding in a vehicle holding 2,000 rounds of ammunition in November 2019, not long before his arrest on the instant charges. (Dkt. No. 194-1 at 16.) The affidavit also suggests, more generally, Defendant's leadership in and commitment to Atomwoffen Division, an organization espousing terrorism of Jewish people and other minority groups. (*See generally* Dkt. No. 194-1.) Finally, for the reasons described above, the Court lacked the ability to safely conduct a trial until recently.

Accordingly, Defendant's motion to dismiss, based on alleged Speedy Trial Act violations, is DENIED.

B.   Sixth Amendment

"'[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated.'" *United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)). This is not such in instance.

In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts generally consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether, when, and how a defendant asserted his right to a speedy trial; and (4) whether a defendant was prejudiced by the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)). This list is not exclusive and none of the factors are controlling. *Barker*, 407 U.S. at 533. The factors are related and must be considered together, along with other relevant circumstances. *Id.*

Turning to the first two factors, the length and reason for the delay—while the delay here has been substantial, approximately 18 months, the Court must balance this factor against the reason for the delay: an unprecedented pandemic affecting public health and, resultingly, the

Court's ability to provide Defendant a fair trial. (*See* Dkt. Nos. 58 at 1–2, 132 at 1–2, 169 at 1–2.) The third factor is, at best, neutral. While Defendant never filed a waiver of his speedy trial rights, as discussed above, he also did not consistently assert those rights. *See supra* Part II.A. Finally, when considering the fourth factor, prejudice, the Court looks to: (1) preventing oppressive pretrial incarceration; (2) minimizing anxiety and concern; and (3) limiting the possibility that delay will impair the defense. *Barker*, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* This factor is also neutral. Defendant does not speak to any prejudice to his defense resulting from this delay. (*See generally* Dkt. No. 193.) Nor is the Court independently aware of actual prejudice Defendant has suffered. While pretrial incarceration is undeniably less than ideal and anxiety generating, this does not suggest prejudice *to one's defense*. *See Barker*, 407 U.S. at 534 (suggesting examples of prejudice might include the unavailability of a witness or a lapse in a witness's memory due to the delay).

Accordingly, Defendant's motion to dismiss, based on alleged Sixth Amendment violations, is DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss (Dkt. No. 193).

DATED this 30th day of August 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE