THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>KALEB COLE,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0032-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Kaleb Cole's motion to suppress and for a *Franks*[1] hearing (Dkt. No. 194). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.   BACKGROUND

According to the Government, Defendant "is a high-level member and primary recruiter" for the Atomwaffen Division ("AWD"), a neo-Nazi group espousing racial violence against Jews and other minorities. (Dkt. No. 1 at 4–7.) The Government asserts by superseding indictment that, on AWD's behalf, Defendant coordinated the creation and delivery of threatening communications to "intimidate, harass, and retaliate against" Jewish and other minority

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

ORDER
CR20-0032-JCC
PAGE - 1

reporters. (Dkt. No. 94 at 3.)

At issue is a warrant authorizing the search and seizure of evidence located in Defendant's home (Dkt. No. 194-1). It was signed by the Honorable Nancy Johnson, United States Magistrate Judge for the Southern District of Texas. (*Id.* at 2.) Defendant argues that FBI Special Agent Casey Villarreal's affidavit supporting the application for the warrant (a) failed to establish probable cause as written and (b) omitted information material to the determination of probable cause. (*See generally* Dkt. No. 194.) As a result, Defendant seeks the exclusion of evidence gathered in his home or, alternatively, a *Franks* hearing on the alleged omission regarding the informant. (*Id.*)

## II. DISCUSSION

### A. Motion to Suppress

The Fourth Amendment imposes several requirements for a valid search warrant. *United States v. Flores*, 802 F.3d 1028, 1045 (9th Cir. 2015). This includes a magistrate's neutral and independent finding of probable cause. *See Illinois v. Gates*, 462 U.S. 213, 239 (1983). This Court reviews such determinations with "great deference." *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2004). So long as a "substantial basis" exists, the Court will not disrupt that determination. *United States v. McQuisten*, 795 F.2d 858, 861 (9th Cir. 1986).

To justify issuing a search warrant for a particular place, the issuing magistrate is expected to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found." *Gates*, 462 U.S. at 238. As articulated by the Ninth Circuit: "The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit." *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987). Probable cause is to be determined under the "totality of the circumstances." *Gates*, 462 U.S. at 238.

Defendant argues that, because Agent Villarreal's application failed to provide a basis

1  supporting his attribution of the moniker पकजबतचषथबल to Defendant, the affidavit cannot
2  support a probable cause determination. (*Id.*) According to the affidavit, Defendant used this
3  moniker as an alias or screen name when engaging in private chats with codefendants and others
4  regarding AWD's planned intimidation campaign. (*See* Dkt. No. 194-1 at 17–18.)

5        An affiant's reliance on a nickname or moniker, without attribution, is not fatal to a
6  probable cause determination, so long as the affidavit provides sufficient facts to find, based on
7  the totality of the circumstances, probable cause. *Gates*, 462 U.S. at 238. And that is the case
8  here. Judge Johnson had a substantial basis for her probable cause determination, irrespective of
9  the agent's source for Cole's use of the पकजबतचषथबल moniker. Specifically, the affidavit
10 established that (a) local media described AWD's attempts to organize and identified Defendant
11 as an active AWD member, (*see* Dkt. No. 194-1 at 14–15), (b) Defendant made threatening
12 statements about journalists to AWD members and made anti-media statements to the journalists
13 after the Seattle Police Department served him with an Extreme Risk Protection Order, (*id.* at
14 15–16), (c) AWD members plotted to intimidate journalists with threatening communications,
15 (*id.* at 17–18), and (d) the plot was actually carried out by AWD members and it targeted local
16 journalists associated with some of the same media outlets who previously reported on Cole's
17 activities, (*id.* at 28–32.)

18       Accordingly, the Court FINDS Judge Johnson's probable cause determination, based on
19 the totality of the circumstances, has a substantial basis.

20     **B.**    ***Franks* Hearing**

21       Under *Franks v. Delaware*, 438 U.S. 134 (1978), a defendant is entitled to an evidentiary
22 hearing on the validity of a search warrant affidavit if he can make a substantial preliminary
23 showing that (1) the affidavit contains intentionally or recklessly false statements or misleading
24 omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly
25 false information. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000). At issue here is
26

the affidavit's failure to disclose compensation paid to a confidential informant. (*See* Dkt. No. 194 at 8–10 (citing Dkt, No. 194-1 at 15–18).)

But a *Franks* hearing is not necessarily required when the informant's statements are corroborated through independent means. *See United States v. Hannah*, 2021 WL 3173571, slip op. at 17 (C.D. Ill. July 27, 2021) (citing *United States v. Clark*, 935 F.3d 558, 565 (7th Cir. 2019)). This is the case here. According to the affidavit, and as described above, local journalists identified Defendant as a member of AWD; in response, he made threatening comments directly to the local media and their members later received threatening communications from AWD. *See supra* Part II.A. This was all described in the affidavit and is not dependent on the informant's statements. (*See generally* Dkt. No. 194-1.)

Regardless, the FBI's longstanding relationship with the informant and the compensation it paid to him, approximately $140,000 over a sixteen-year period, (Dkt. Nos. 194 at 2), does not impugn his credibility. If anything, it suggests that he demonstrated reliability in the past. Otherwise, it stands to reason, the FBI would have terminated its relationship. Therefore, the amount paid to the informant is not a material misleading omission. It does not provide a basis for a *Franks* hearing, and Defendant provides no other bases to do so. (*See generally* Dkt. No. 194.)

Accordingly, the Court FINDS that Defendant has not made a substantial preliminary showing that the affidavit contains a misleading omission necessitating a *Franks* hearing.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to suppress and for a *Franks* hearing (Dkt. No. 194) is DENIED.

//
//
//
//

1   DATED this 30th day of August, 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE