The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KALEB COLE, <br><br> Defendant. | NO. CR20-032JCC <br><br> **GOVERNMENT'S MOTION *IN LIMINE* TO PERMIT THE UNDERCOVER OFFICER TO TESTIFY UNDER A PSEUDONYM** <br><br> NOTE ON MOTION CALENDAR: <br> September 27, 2021 |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods and Seth Wilkinson, Assistant United States Attorneys for said District, respectfully moves *in limine* to permit the undercover officer in this matter to testify under a pseudonym and that additional precautions be taken to protect the officer's identity.

## BACKGROUND

As set forth in the government's trial brief, an undercover officer and a confidential human source ("CHS") met with Cole at his house to discuss the plot in this case. During the meeting, Cole acknowledged his role in the plot, and identified two of the victims that were later targeted. The officer and the CHS were wearing recording devices. At trial, the government intends to call the undercover officer primarily to authenticate the recordings.

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government will also elicit from the officer how he was introduced to Cole.  Finally, the government will call the officer to authenticate a separate recording of Cole in which he made statements at an Atomwaffen meeting that link him to the moniker, पकजबतचषथबल, that Cole used in the encrypted chats to plan and coordinate the plot.

The government has two independent concerns about the undercover officer testifying under his true name.  First, extremists have targeted him, attempting to find out his true identity.  On September 10, 2021, someone posted on social media a picture of the undercover officer (he was masked) attending an Atomwaffen gathering.  The user stated:

> The man circled in red is an undercover FBI agent (not an informant, an undercover employee) named "Gibson" who ran the tech for Atom Waffen Division in 2018 and 2019.
>
> In my reporting I have have heard from three witnesses that he drugged a mentally ill teenage boy who is now facing federal conspiracy charges.

The user made other allegations, and then stated:

> This man is an undercover FBI agent, NOT an informant. His alleged actions were illegal and the cases he is involved in require a second look.
>
> I have had no luck identifying who this agent is and have hit a wall in the article I am writing about this. I have no way to contact his victims while retaininig journalistic privileges (they're incarcerated or in psychiatric facilities, so their communications are monitored).

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The user then asked others to contact him with any information about the undercover officer's identity.[1]

This post is concerning for three reasons. First, the Southern Poverty Law Center has identified the poster as a neo-Nazi extremist, who, among other things, participated in the infamous "Unite the Right" rally in Charlottesville, Virginia, in 2017. Second, the effort to publicize the identity of the undercover officer is particularly concerning, given that Atomwaffen members have been linked to multiple acts of violence, including murder. Third, the effort to publicize the undercover officer's identity also is concerning given the nature of the conduct in this case. In this conspiracy, Cole and other Atomwaffen members attempted to harass journalists and other people in an attempt to silence and intimidate them. The effort to target the undercover officer is simply a continuation of that course of conduct.

In addition, the undercover officer is currently involved in an unrelated operation in which he is meeting with targets face-to-face. If the officer's identity were publicly exposed, it could seriously jeopardize that investigation, and his personal safety.

In light of these concerns, the government requests that the Court permit the following:

1. The undercover officer be permitted to testify at trial using a pseudonym without publicly disclosing his true identity;

2. The defense be prohibited from asking the undercover officer any questions seeking personal identifying information (to include name, contact information, or date or place of birth);

3. The defense shall be prohibited from asking any questions about other investigations in which the undercover officer may be involved, including any ongoing investigations;

4. No public disclosure of any audio recording, or similar reproduction of the voices or visual images of the undercover officer while testifying, shall be permitted;

---

[1] Needless to say, the poster's allegations about the undercover officer are completely frivolous.

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     5.     The undercover officer shall be permitted to use a non-public entrance/exit to the courthouse and the courtroom (outside the presence of the jury);

     6.     All non-official recording devices shall be prohibited from being used in the courtroom in which the undercover officer testifies, including personal cellular phones; and

     7.     In order to prevent any potential prejudice, the government will not elicit that the undercover officer is testifying under a pseudonym or that there are any special procedures in place for his testimony.

As set forth below, there is well-settled legal authority permitting an undercover officer to testify under these conditions.

## LEGAL OVERVIEW

Protecting an undercover's safety and the integrity of other ongoing investigations are compelling interests that courts have long recognized in crafting security measures for witness testimony. Courts, for example, have allowed witnesses to testify under a pseudonym and behind a screen or while otherwise concealed, concluding that those measures do not interfere with the defendants' right to a fair and public trial. That precedent readily justifies the reasonable security measures proposed here.

The Confrontation Clause of the Sixth Amendment gives a defendant the right to confront and cross-examine the government's witnesses who testify against the defendant. *See Maryland v. Craig*, 497 U.S. 836, 846 (1990); *Smith v. Illinois*, 390 U.S. 129, 132-34 (1968). The "elements of confrontation—physical presence, oath, cross-examination, and observation of demeanor by the trier or fact—serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to rigorous adversarial testing that is the norm of Anglo-American criminal proceedings." *Craig*, 497 U.S. at 846. "The rule is that once cross-examination reveals sufficient information to appraise the witnesses' veracity, confrontation demands are satisfied." *United States v. Falsia*, 724 F.2d 1339, 1343 (9th Cir. 1983); *see also Hayes v. Ayers*, 632 F.3d 500, 518 (9th Cir. 2011) ("No Confrontation Clause violation occurs as long as the jury receives sufficient information to appraise the biases and motivations of the witness.").

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Confrontation Clause does not require that a jury hear a witness's true name, as the Supreme Court recognized in *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986), when it held that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant."

In a similar vein, courts have observed that "where there is a threat to the life of the witness, the right of the defendant to have the witness's true name, address, and place of employment is not absolute." *United States v. Palermo*, 410 F.2d 468, 472 (7th Cir. 1969) (citing *United States v. Varelli*, 407 F.2d 735 (7th Cir. 1969)); *see also Clark v. Ricketts*, 958 F.2d 851, 855 (9th Cir. 1991); *Siegfriedt v. Fair*, 982 F.2d 14, 18 (1st Cir. 1992); *United States v. Contreras*, 602 F.2d 1237, 1238-40 (5th Cir. 1979) (where there was reasonable fear the disclosure of DEA agent's home address and frequented locations would endanger him and his family, no error in precluding cross-examination as to home address and other background information even though agent was "instrumental in defendant's arrest"); *United States v. Maso*, No. 07-10858, 2007 WL 3121986, *4 (11th Cir. Oct. 26, 2007) (per curiam) (unpublished) ("The district court did not violate [the defendant's] right to confront witnesses by allowing the [cooperating witness] to testify using a pseudonym."); *Brown v. Kuhlman*, 142 F.3d 529, 532 n.3 (2d Cir. 1998) (undercover detective who testified in closed courtroom due to safety concerns was permitted to testify using his badge number instead of his true name).

Courts have approved alias testimony in multiple contexts. *See United States v. Neuner*, No. 4:12-CR-050-A, 2014 WL 4493631, at *2 (N.D. Tex. Sept. 11, 2014) (permitting an FBI undercover officer to testify under a pseudonym in a gun case); *United States v. Dumeisi*, Case No. 03-cr-664, Doc. 83 at 1 (N.D. Ill. Jan. 2, 2004) (permitting government witness to testify under a pseudonym and appear in light disguise, and prohibiting questioning about the witness's current or former address); *United States v. El-Mezain*, 664 F.3d 467, 492 (5th Cir. 2011) (finding a "serious and clear need to protect the

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

true identities" of the two Israel Security Agency witnesses who testified by pseudonym); *United States v. Abu Ali*, 395 F. Supp. 2d 338, 344 (E.D. Va. 2005) (permitting use of pseudonyms by witnesses who testified during a pre-trial Rule 15 deposition that was conducted via satellite real-time video from Saudi Arabia to the federal courthouse in Alexandria, Virginia); *United States v. Calderon*, Case No 2:14-cr-103, Doc. 58 (C.D. Cal. April 23, 2015) (authorizing the complete withholding from the defense of identifying information as to multiple undercovers).

The use of a pseudonym is similarly appropriate in this case. In the age of social media, an image or name can easily be publicly searched for the true identifying information of the officer. In this case particularly, there is an acute concern that the officer will be subject to harassment and the threat of violence. Moreover, he may no longer be able to function as an undercover officer.

Balanced against these interests, the use of a pseudonym by the officer will not prejudice the defendant's confrontation rights. It is the officer's interactions with the defendant—not his personal identity—that makes his testimony relevant at trial. Because the defendant has only known the officer by his pseudonym throughout the investigation, withholding the officer's true identity will not detract from substance of the questioning on cross-examination and will not impair the defendant's Sixth Amendment right to confront the witnesses against them. The officer will be present in the courtroom, so the defendant will be able to confront him. The jury, moreover, will be able to observe and assess the officer's demeanor while testifying. Finally, the officer's testimony largely will be limited to authenticating recordings—an issue that is highly unlikely to be in dispute in the trial.

//
//
//

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In sum, disclosing the undercover officer's identity would pose a risk to the safety of the undercover officer and undermine the security of other investigations. The Court should allow the officer to testify under the conditions set forth above.

Dated this 17th day of September, 2021.

        Respectfully submitted,

        TESSA M. GORMAN
        Acting United States Attorney

        */s/ Thomas M. Woods*
        THOMAS M. WOODS
        SETH WILKINSON
        Assistant United States Attorneys
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-3903
        Phone: 206-553-7970

Government's Motion *in Limine* to Permit Testifying Under Pseudonym
*United States v. Cole*, CR20-032JCC – 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970