The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KALEB COLE,<br>Defendant. | No. CR20-032 JCC<br><br>DEFENDANT'S TRIAL BRIEF<br><br><u>Trial Date</u>: September 27, 2021 |

Defendant, Kaleb Cole, by undersigned counsel, respectfully submits the following trial brief in advance of the trial in this matter, scheduled for September 27, 2021.

**1. <u>Exhibits and Witnesses</u>**

The defense does not plan to introduce exhibits or call any witnesses (other than potentially Mr. Cole) and is therefore not filing exhibit or witness lists. Whether Mr. Cole will testify is undecided at this juncture. Should the defense present a case counsel anticipates it will take no more than one day of trial time.

**2. <u>Voir Dire</u>**

The defense, in conjunction with the filing of its trial brief, has submitted numerous proposed voir dire questions for the Court to present to the prospective jurors. In addition to requesting that the Court ask the proposed questions, the defense hereby requests that the Court



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

permit extensive individual questioning by counsel due to the nature of this case. This request has been included in the trial brief rather than styled as a motion *in limine* because the government has indicated that it does not oppose the request. The basis for the request follows.

The Sixth Amendment of the Constitution guarantees the right to a trial by an impartial jury. The voir dire process plays a critical role in securing the right to an impartial jury in criminal trials. The principal purpose of voir dire is "to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice." Darbin v. Nourse, 664 F.2d 1109 (9th Cir. 1981).

The nature of the allegations against Mr. Cole increases the likelihood of eliciting strong opinions from prospective jurors. Over the past two years, numerous national and local news outlets published articles making allegations about the character of Mr. Cole.[1] In addition to media surrounding Mr. Cole individually, there has also been significant publicity surrounding Mr. Cole's alleged coconspirators. The publicity paints Mr. Cole in an extremely negative light. Among the many publications are several images that are likely to be used as evidence in this trial, including posters containing images containing white-supremacist symbols. Because such publications have reached a wide audience, spanning nationwide, it is very likely that many prospective jurors for this case have seen, heard, or read about Mr. Cole prior to his trial. In

[1] Ali Winston, *Atomwaffen Division's Washington State Cell Leader Stripped of Arsenal in U.S., Banned from Canada*, Daily Beast (Oct. 19, 2019); Phil Helsel, *Guns seized from Washington Man Said to be Neo-Nazi Leader Prepping for "Race War,"* NBC News (Oct. 18, 2019); Brad Burt, *Driver in 2019 neo-Nazi stop arrested among group of "violent extremists"* KCBD (Feb. 26, 2020); Mike Carter, *Purported Leader of neo-Nazi group Attomwaffen wants out of detention in SeaTac; feds oppose release*, Seattle Times (May 22, 2020); Kirsten Geddes, *Alleged Neo-Nazi group member arrested in Texas*, NewsWest9; Asia Fields, *Neo-Nazi suspect, tied to Arlington, charged with gun crime*, HeraldNet (Dec. 18, 2019); Alexander Mallin & Luke Barr, *Justice Department announces nationwide arrests of members of neo-Nazi Atomwaffen group*, abcnews (Feb. 26, 2020). This is just a small sample of the many national and local news articles discussing Mr. Cole.



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

addition to the publicity this case has received, the emotionally charged nature of the allegations against Mr. Cole are likely to inspire significant and potentially prejudicial reactions from the prospective jurors. Because of the nature of the charges and the publicity surrounding the allegations, extensive voir dire procedures are needed to protect Mr. Cole's Sixth Amendment right to a fair trial.

**A. The nature of the allegations against Mr. Cole requires the Court to conduct a more extensive voir dire.**

Trial judges have discretion in deciding the scope of voir dire questioning. United States v. Chenaur, 552 F.2d 294 (9th Cir. 1977). However, the scope of voir dire depends on the circumstances of the case. Acosta v. Hill, 504 F.3d 1323, 1324 (9th Cir. 2009).

> In some lawsuits the nature of the case itself suggests that a more specific inquiry is required with respect to particular matters. The nature of the controversy or the relationship and identity of the parties may involve matters on which a number of citizens may be expected to have biases or strong inclinations.

Darbin v. Nourse, 644 F.2d 1109, 1113 (9th Cir. 1981). A trial judge may not limit the scope of voir dire in a manner that fails to create reasonable assurances that prejudice will be discovered. United States v. Patterson, 648 F.2d 625 (9th Cir. 1981). A real possibility of prejudice exists where "the local community or the population at large is commonly known to harbor strong feelings" that can skew deliberations in fact. United States v. Jones, 722 F.2d 528, 529 (9th Cir. 1983).

Additionally, cases with extensive pretrial publicity create a significant possibility of juror exposure to prejudicial material about the defendant. United States v. Tsarnaev, 968 F.3d 24 (1st Cir. 2020). Such cases where the defendant has endured a great deal of public scrutiny require the judge to elicit the "kind and degree" of each prospective juror's exposure to the case or the parties. Id. In these types of cases, general questioning of the potential jurors' biases is not



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

enough. Silverthorne v. United States, 400 F.2d 627, 639-40 (9th Cir. 1968). Rather, content-specific questioning that probes each potential juror's particular exposure to publicity about the case is necessary for the parties to adequately determine whether a potential juror is biased or prejudiced. United States v. Polizzi, 500 F.2d 856, 879 (9th Cir. 1974).

Recently, the First Circuit discussed the voir dire implications of a case with extremely high publicity—the prosecution of one of the participants in the "Boston Marathon Bombings." See Tsarnaev, 968 F.3d at 24. Due to the immense amount of highly prejudicial publicity the case had received since the bombing occurred, the First Circuit, on review, held a trial judge must ascertain "the kind and degree of [] exposure" the jurors had to the case or to the parties. Id. at 62. The trial judge's asking general questions of the jurors prevented the parties from adequately assessing the jurors' biases. Id. at 58. When voir dire does not adequately assess jurors' biases, the defendant's right to a fair trial is destroyed.

The Ninth Circuit has also examined voir dire in cases with significant pretrial publicity as well. In Polizzi, the Court stated that an "accused has an unquestioned right to have jurors decide his guilt or innocence who are not biased by what has appeared in the media." Id. at 879. Specifically, the Court held that in cases of substantial pretrial publicity, the voir dire cannot simply call for jurors to question their own impartiality. Instead, "the judge must exercise correspondingly great care in all aspects of the case." Silverthorne, 400 F.2d at 637. The defendant in Silverthorne sustained significant publicity after being indicted on counts of misapplying bank funds and make false entries in bank records while president of a large bank in San Francisco. Because of the immense publicity the case received, the Ninth Circuit held that voir dire was inadequate when the Court only asked general questions that were subjective in nature because jurors cannot be called upon to assess their own impartiality. Id.



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

The circumstances surrounding the allegations against Mr. Cole warrant extensive voir dire procedures. Mr. Cole's alleged political ideologies are likely to invoke very strong opinions from prospective jurors. Because the allegations against Mr. Cole are likely to "harbor strong feelings," an adequate voir dire process is needed to ensure that the parties can adequately assess the jurors' prejudices.

Additionally, the pervasive, highly prejudicial, and inflammatory publicity surrounding Mr. Cole creates a significant possibility that the prospective jurors will be biased in this case based on information they have seen, read, or heard. Because news of the allegations against Mr. Cole is so widespread, there is a strong likelihood that many of the prospective jurors have been exposed the allegations in this case prior to serving as s prospective juror. Exposure to news stories prior to an individual's trial is detrimental to a defendant's right to an impartial jury because it allows prospective jurors to form preconceived beliefs about the defendant's guilt prior to hearing the evidence at trial. Therefore, extensive voir dire procedures are necessary in this case.

**B. The Court should allow thorough individual questioning of jurors to preserve Mr. Cole's Sixth Amendment right to an impartial jury.**

The defense anticipates that some jurors' responses to the general questions will create a need to ask additional questions to further examine potential biases and prejudices. A cursory voir dire process without the ability of counsel to follow up with appropriate questions will not allow Mr. Cole to adequately discern the biases and prejudices of the prospective jurors. A more extensive voir dire, where jurors are asked specific questions and attorneys may ask follow-up questions is necessary due to the nature of this case. Such questioning is necessary to preserve Mr. Cole's Sixth Amendment right to a fair trial by an impartial jury.



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

For example, in-depth individual questioning is necessary if jurors have been exposed to pretrial publicity about Mr. Cole or the allegations. Ninth Circuit precedent requires jurors be asked questions about the particular contents of any publicity they have seen, heard, or read regarding Mr. Cole or the allegations at issue. Silverthorne, 400 F.2d at 637. Once a juror identifies the contents of their exposure to Mr. Cole, they should further be individually questioned about any impact the publicity has had on their view of Mr. Cole, and whether their views are immutable or subject to change. Furthermore, if a juror expresses some disdain when asked about their views on white-supremacy, additional questioning is needed to further examine whether the juror can be impartial. Such specific inquiries are necessary for Mr. Cole's Sixth Amendment right to an impartial jury to remain intact. Therefore, the Court should allow for thorough individual questioning of prospective jurors.

For these reasons, the defense respectfully requests that the Court both ask the prospective jurors the questions outlined in the defense proposed voir dire and grants the defense sufficient time to ask follow-up questions of individual jurors about their potential prejudices.[2]

**3. Evidentiary Issues**

The defense has submitted a motion *in limine* regarding exclusion of evidence under Fed. R. Evid. 404(b).

**4. Jury Instructions**

The government and defense have conferred regarding proposed jury instructions and anticipate jointly proposing many agreed instructions. A few disagreements remain for the Court to resolve.

---

[2] The defense understands that the Court would likely grant equal time to the government.



BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

Respectfully submitted this 17th day of September, 2021.

BLACK & ASKEROV, PLLC

Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com

*s/ Teymur Askerov*
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com

Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone: 206.623.1604
Fax: 206.658.2401