The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR20-032 JCC |
| Plaintiff, | |
| v. | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER FRE 404(b) |
| KALEB COLE | |
| Defendant. | |

Defendant, Kaleb Cole, by undersigned counsel, moves the Court in limine to exclude items bearing white supremacist symbols, and to exclude evidence alluding to Mr. Cole's Extreme Risk Protection Order.

## I.   **Introduction**

In its Exhibit List, the government notes its intent to introduce several pieces of evidence linking Mr. Cole to white supremacist items obtained from his residence.  Specifically, the government intends to introduce multiple pictures of a flag bearing the alleged Atomwaffen symbol, a Nazi flag, Atomwaffen patches, and skull masks.  In total, the government intends to introduce at least nine pieces of evidence to link Mr. Cole to such items.  The Court should exclude such evidence under Federal Rules of Evidence 403 and 404(b).  Additionally, in its proposed Exhibit List, the government seeks to introduce evidence relating to an Extreme Risk Protection Order Mr. Cole was named in a year prior to the indictment in this case.  Particularly, the

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

government seeks to introduce a King 5 Article[1] regarding seizure of weapons from Mr. Cole one year prior to the indictment in this case.  This evidence is also inadmissible under Fed. R. Evid. 404(b) and Fed. R. Evid. 403.

## II.  Evidence concerning white-supremacist items recovered from Mr. Cole's residence should be excluded under Rule 404(b).

Rule 404(b) prohibits the admission of a defendant's prior convictions, wrongs, or other acts to prove the defendant acted in conformity therewith. Fed. R. Evid. 404(b).  The Ninth Circuit generally disfavors "other act" evidence.  United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013-1014 (9th Cir. 1995).   The purpose of rule 404(b) is to prevent individuals from being convicted simply based on their past actions.  United States v.Bradley, 5 F.3d 1317, 1320 (9th Cir.1993).  A "defendant must be tried for what he did, not for who he is." Id.  Thus, "guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." Id.  The government carries the burden of showing that 404(b) evidence is relevant to an issue in the case beyond the defendant's character.

The Ninth Circuit applies a four-part test to determine the admissibility of evidence under 404(b): (1) the evidence must prove a material element of the offense for which the defendant is now charged; (2) in certain cases, the other conduct must be similar to the charged conduct; (3) proof of the other conduct must be based upon sufficient evidence; and (4) the other conduct must not be too remote in time.  United States v. Cox, 963 F.3d 915, 924 (9th Cir. 2020). However, under rule 404(b)(2), evidence of other crimes, wrongs, or acts may be admissible to prove

---

[1] Chris Ingalls, *AR-15 'ghost gun' parts seized from neo-Nazi leader in Snohomish County*, King 5 (Nov. 6, 2019), https://www.king5.com/article/news/investigations/ar-15-ghost-gun-parts-seized-from-neo-nazi-leader-in-snohomish-county/281-dc4bb686-2621-4dc3-9ef6-d66c7c44e156.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." 404(b)(2).  Even if evidence is admissible under rule 404(b)(2), a Court may exclude the evidence under rule 403.

The Court should exclude the Atomwaffen flags and patches, the "military-style jacket," the Nazi flag, and the skull masks the government seeks to introduce as inadmissible under Fed. R. Evid. 404(b). The government contends that these items will be offered to prove "Cole's affiliation with AWD" and his alleged motive in committing the offenses.  Despite this argument, such evidence is impermissible character evidence under rule 404(b).

Evidence merely showing that Mr. Cole owns items displaying white supremacist-related symbols does not prove a material element of the offense.  First, "affiliation" with an organization is not a permissible use of evidence listed under 404(b)(2).  "Membership in an organization does not reasonably lead to any inference as to the conduct of a member on a given occasion." Spivey v. Rocha, 194 F.3d 971, 978 (9th Cir. 1999) (quoting In re Wing Y, 67 Cal. App. 3d 69, 78 (1977)). Second, the government has not provided sufficient evidence showing that the items found belong to Mr. Cole at all.  Mr. Cole was one of a few people staying at the residence where the items were found.  Many of the items were found in common areas of the residence.  For these reasons, evidence offered only to show Mr. Cole's alleged white supremacist affiliation is not admissible "other acts" evidence under Rule 404(b).

Additionally, the items do not prove motive under 404(b)(2), as the government suggests. Living in a house containing paraphernalia associated with a certain organization does not lead to the conclusion that every person in the household is a member of the organization. Even if the items were enough to show that Mr. Cole was a member of the organization, membership alone does not "reasonably lead to any inference as to the conduct" of a Mr. Cole on a particular

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

occasion.  The evidence's only purpose is to damage Mr. Cole's character by showing that he holds certain ideologies—ideologies that are generally abhorred by the public, and quite possibly members of the jury.  Therefore, the Court should exclude the above listed evidence as inadmissible under rule 404(b).

### III.   Evidence concerning white supremacist items found in Mr. Cole's residence is inadmissible under Rule 403 because its probative value is substantially outweighed by unfair prejudice and is needlessly cumulative.

Even if the Court finds the items found in Mr. Cole's residence admissible under 404(b), the Court may still determine the evidence is inadmissible if the probative value is substantially outweighed by the prejudicial impact or by the danger of needlessly presenting cumulative evidence. Fed. R. Evid. 403. Unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly . . . and emotional one." United States v. Allen, 341 F.3d 870 (9th Cir, 2003).  "Evidence that [an individual] holds white-supremacist and anti-Semitic views is likely to be unduly prejudicial if it extends beyond explaining references to alleged threats." United States v. Hunt, ___ F. Supp. 3d ___ (E.D.N.Y. 2021).  The government intends to introduce at least nine photos of items found in Mr. Cole's residence, including several flags bearing the alleged Atomwaffen logo, a Nazi flag, several patches alleged bearing the Atomwaffen logo, and skull masks.  Introduction of these items would be highly prejudicial to Mr. Cole, to a degree that outweighs any probative value the evidence might have.

A Court may also exclude evidence if it is needlessly cumulative under Fed. R. Evid. 403. Evidence is cumulative where it has little incremental value.  United States v. Miguel, 87 Fed. Appx. 67, 68 (9th Cir. 2004).  If it is the government's intention to introduce these items to link Mr. Cole to white supremacy, the government need not introduce each and every piece of evidence to prove its point.  Introducing each piece of evidence linking Mr. Cole to white supremacy is

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

needlessly cumulative because the evidence is offered for the same purpose and has little incremental value.  The Court should therefore exclude the items.

**IV.     The government should exclude evidence pertaining to the Extreme Risk Protection Order because it is inadmissible other acts evidence and is highly prejudicial.**

The government intends to introduce evidence that Mr. Cole was subject to an Extreme Risk Protection Order ("ERPO") as a basis for linking Mr. Cole with the moniker पकजबतचषथबल.  Specifically, the government seeks to introduce several chat messages, a King 5 article[2], and the ERPO itself.

Evidence pertaining to the ERPO consists of inadmissible "other acts" evidence.  Evidence that Mr. Cole was named in an Extreme Risk Protection Order in 2019 has no bearing on whether he committed the alleged acts in this case.  By presenting the jury with evidence that Mr. Cole was served with the ERPO and had weapons seized, the government attempts to establish Mr. Cole's guilt or innocence of by showing that police seized weapons from Mr. Cole in the past. This is the precise situation that 404(b) seeks to prevent. Even if the ERPO evidence is limited to the purpose of proving identity, as the government contends, juror exposure to the ERPO information at all presents a significant possibility that jurors would form a negative opinion of Mr. Cole based on past events. Therefore,the Court should prohibit introduction of the ERPO evidence.

Even if the Court believes that the ERPO evidence is admissible under rule 404(b), the Court should conclude the evidence is inadmissible because it is highly prejudicial under rule 403.

---

[2] The government has indicated it plans to redact portions of the article, but the defense has not yet seen the proposed redactions.  The defense may raise an additional objection to the article as inadmissible hearsay upon review of the proposed exhibit.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 5

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Exposure to the ERPO information would create a significant likelihood that jurors would form negative opinions of Mr. Cole.  The simple knowledge that someone is the subject of an ERPO is likely to lead jurors to the conclusion that the person is dangerous or threatening.  Knowledge of the ERPO heightens the risk that the jurors will decide based on their emotion, rather than the facts of the matter at issue.  Therefore, the Court should exclude all evidence relating to the ERPO as prejudicial.

The King 5 article is particularly prejudicial.  It is entitled "AR-15 'ghost gun' parts seized from neo-Nazi leader in Snohomish County" and it describes how police seized weapons from Mr. Cole as the result of an ERPO entered in 2019. The article includes several extremely prejudicial statements, photographs, and videos.  The article states that "Cole poses a serious threat to public safety," and shows photos of Mr. Cole holding weapons, and includes two videos—one describing "ghost guns" and another showing footage of individuals using weapons. These words, photos, and videos are substantially likely to prejudice Mr. Cole in the eyes of the jurors.  Even if portions of the article are redacted for the jury, introduction of the article is still highly prejudicial.  The article's title itself is inflammatory, using emotion-invoking language such as "AR-15" and "neo-Nazi" when referring to Mr. Cole.  The article should be excluded under rule 403.

V.   <u>**Conclusion**</u>

For the foregoing reasons, the defense respectfully requests that the court exclude at trial the various flags, patches, jackets, and masks the government seeks to introduce.  Additionally, the defense asks the Court exclude evidence relating to the Extreme Risk Protection Order, including the King 5 article.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 6

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Respectfully submitted this 17th day of September, 2021.

BLACK & ASKEROV, PLLC

_____
Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com


*s/ Teymur Askerov*
_____
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com

Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:          206.623.1604
Fax:             206.658.2401

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FRE 404(b)
(*Kaleb Cole*; No. CR20-032 JCC)- 7

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401