The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KALEB COLE, <br><br> Defendant. | NO. CR20-032JCC <br><br> **GOVERNMENT'S SUBMISSION REGARDING DISPUTED JURY INSTRUCTIONS** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Thomas M. Woods and Seth Wilkinson, Assistant United States Attorneys for said District, respectfully submits this memorandum regarding the disputed jury instructions that the parties submitted on September 17, 2021.

//
//
//

Government's Submission Regarding Disputed Jury Instructions
*United States v. Cole*, CR20-032JCC – 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Government's Supplemental Final Instruction No. 1**

The government proposes that the jury be instructed:

Some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

This instruction, which is a pattern instruction from the Sixth Circuit, is appropriate in this case. During the trial, the jury will hear that there were several people who were active members of the conspiracy. In particular, as the Court is aware, co-conspirators in Washington, Arizona, and Florida all delivered threatening posters. The jury understandably will wonder why those individuals are not part of this trial. The instruction addresses that understandable confusion, and does not create any prejudice to the defendant. Therefore, the instruction should be given.

**Government's Supplemental Final Instruction No. 2**

Under the Stalking statute, the government must prove that the defendant engaged in a "course of conduct." 18 U.S.C. § 2261A(2). The statute defines a "course of conduct" to mean "a pattern of conduct composed of 2 or more acts, evidencing a continuity of purpose." *Id.* § 2266(2). The defense proposes expanding this definition to state "The acts that make up the course of conduct must be directed at the same specific person." *See* Defense Supplemental Instruction No. 2. The Court should simply provide the definition from the statute, as the government proposes. However, if the Court is inclined to expand upon the statutory definition, it should still not give the defense's proposed instruction. The defense's

Government's Submission Regarding Disputed Jury Instructions
*United States v. Cole*, CR20-032JCC – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

language suggests that the defendant's harassing actions must have exclusively targeted the victim. But that is not the law. Rather, under the statute, a course of conduct can include actions directed at third parties as long as the conduct was intended to harm the victim. *See United States v. Bartley*, 711 F. App'x 127, 129 (4th Cir. 2017); Fifth Circuit Pattern Instruction Commentary to Criminal Pattern Instruction 2.86B. For example, a defendant stalks his ex-girlfriend by sending her threatening messages, but also by sending threatening messages to her friends and family. The messages sent to the friends and family can be part of the same course of conduct. *See id.* Thus, if the Court is inclined to give a definition that is different than the statutory definition of "course of conduct," it should instruct the jury as follows:

> A "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. A "course of conduct" can include acts directed at third parties, as long as the defendant intended such acts to harass or intimidate the victim and did place that same victim in reasonable fear of death or serious bodily injury, or cause substantial emotional distress, to that same victim.

This language, which is consistent with the Fifth Circuit's Pattern Instruction Commentary, would be appropriate under the facts of this case. Multiple victims are expected to testify that they experienced greater fear after learning that other victims throughout the country had received posters as well. The victims feared that there was a nationwide network of individuals who were prepared to do harm. This was part of Cole's plan. As will be shown at trial, he believed that victims would experience greater fear by the prospect of a nationwide operation. Indeed, Cole specifically stated in a recorded meeting that, "if you were to have it like all over the fucking place, then it can seem like something bigger."

In sum, the Court should simply give the statutory definition of "course of conduct." But, alternatively, the Court should give the instruction outlined above.

Government's Submission Regarding Disputed Jury Instructions
*United States v. Cole*, CR20-032JCC – 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Government's Supplemental Final Instruction No. 3**

The government proposes that the Court give the Ninth Circuit pattern instruction number 5.1A, which states:

> A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

This instruction is an accurate statement of the law. *See United States v. Keene*, 341 F.3d 78, 84 (1st Cir. 2003) ("The revisor's note to 18 U.S.C. § 2 states that 'one who puts in motion or assists in the illegal enterprise ... is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.'"); *United States v. George*, 658 F.3d 706, 709 (7th Cir. 2011). In this case, the jury will hear that Cole created the posters used in the case, and directed that other Atomwaffen members deliver them to the victims. Thus, he "put in motion" and "caused the commission of the offense," even though the actual delivery of the posters was done by others. Accordingly, the instruction should be given in this case.

**Defense Disputed Proposed Instruction No. 1**

The defense proposes that the jury be instructed:

> To convict the defendant of conspiracy you must find that the object of the conspiracy involved an agreement to transmit a Threat or Threats as defined below in these instructions.

This instruction is unnecessary. In this case, the defendant is charged with conspiracy. There are three objects of the conspiracy: (1) Mailing Threatening Communications; (2) Stalking; and (3) Interference with Federally Protected Activities. Under the joint, proposed instructions, the jury will be instructed that each of these objects

Government's Submission Regarding Disputed Jury Instructions
*United States v. Cole*, CR20-032JCC – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

requires proof that a Threat was made.[1]  *See* Agreed Final Instructions Nos. 19, 21, 22. Thus, it would be duplicative, and potentially confusing, to further instruct the jury that they must conclude that a Threat was made.

DATED this 20th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*/s/ Thomas M. Woods*
THOMAS M. WOODS
SETH WILKINSON
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-3903
Phone: 206-553-7970

---

[1] The parties have agreed on a definition of what a "Threat" constitutes.  *See* Agreed Final Instruction No. 20.

Government's Submission Regarding Disputed Jury Instructions
*United States v. Cole*, CR20-032JCC – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970