The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KALEB COLE,<br><br>　　　　Defendant. | No. CR20-032 JCC<br><br>RESPONSE TO GOVERNMENT'S MOTION IN LIMINE REGARDING UNDERCOVER OFFICER'S PSEUDONYM |

## I.    Introduction

Defendant, Kaleb Cole, by undersigned counsel, respectfully submits that the Court should deny the government's motion in limine to permit the undercover officer to testify under a pseudonym.  This objection is based on Confrontation Clause of the Sixth Amendment and the following memorandum of law.

## II.    Background

In preparation for trial, the government submitted a motion in limine requesting the Court allow the undercover officer to testify using a pseudonym at trial.  The officer's alleged interactions with Mr. Cole are a significant part of the government's case, as the officer recorded conversations with Mr. Cole.  The government's reasons for this request include concerns for the officer's safety and concerns about compromising the officer's current undercover operation.

RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE REGARDING UNDERCOVER OFFICER
(*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

Despite these concerns, allowing the officer to testify using a pseudonym violates Mr. Cole's Sixth Amendment right to confront the witnesses against him.

### III.  **Argument**

The Confrontation Clause of the Sixth Amendment guarantees a defendant facing criminal charges the fundamental right to cross-examine adverse witnesses.  Smith v. Illinois, 390 U.S. 129, 133 (1968).  One of the policies underlying the Confrontation Clause is the defendant's opportunity to "put the weight of his testimony and his credibility to a test."  Id. at 132.  To determine whether a court may withhold a witness's name, a court balances the defendant's right to confront witnesses against the government's interest in not compromising investigations and in protecting the witness's identity.  United States v. Gil, 58 F.3d 1414, 1421 (9th Cir. 1995).  The balancing test involves three factors: (1) the degree to which the witness was involved in the activity; (2) how helpful the witness's testimony would be to the defendant; and (3) the government's interest in non-disclosure.  Id.

To adequately assess the credibility of a witness, a defendant must be able to ask witnesses who they are.  The Supreme Court addressed this in Smith v. Illinois, where the prosecution's star witness against a defendant in a drug case was a man who testified using a pseudonym.  390 U.S. at 130-31.  The court held that the defendant had the right to ask the witness his true name because "when the credibility of a witness is an issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is."  Id. at 131 (quoting Pointer v. Texas, 380 U.S. 400, 404 (1965)).

While courts have held that a trial judge has significant discretion in the determining the scope of cross-examination, a Court cannot completely limit examination of a witness's credibility.  Id.  When the government believes there is a concern for a witness's safety, the

RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE REGARDING UNDERCOVER OFFICER
(*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

government bears the burden of demonstrating that "the threat to the witness [is] actual and not a result of conjecture." United States v. Palermo, 410 F.2d 468, 472 (7th Cir. 1969).

The government has not met its burden of showing that the threat to the officer is "actual" rather than "conjecture." In support of its motion in limine, the government provides screenshots of messages from a person expressing interest in the undercover officer's identity. While the government contends that this is concerning because the poster has been identified as a neo-Nazi extremist, the poster does not make any threats towards the officer in these messages. The individual makes no suggestions that he or anyone else intend violence or harassment towards the officer. Thus, the screenshots provided do not show an "actual" threat.

Although the government expresses additional concern about the individual's wanting to know the officer's identity because "Atomwaffen members have been linked to multiple acts of violence," it has made no showing that the particular individual expressing interest in the officer's identity is violent. Nor has the government presented evidence even suggesting the poster of these messages is connected in any way to Mr. Cole or Atomwaffen. Even if the poster were connected to Atomwaffen, simple membership in a group where a few members have committed violent acts does not automatically lead to the conclusion that each member of the group is violent. Furthermore, the government's suggestion that this individual's interest in the officer's identity is a "continuation" of the course of conduct Mr. Cole is accused of is unsupported. Beyond attempting to obtain the identity of the officer, the government provides no evidence showing that the poster or others associated with the poster threatened or will threaten the officer if his identity is discovered. And, of course, threatening an FBI agent would not represent a continuation of the conduct alleged in this case; it would be a different matter entirely. Thus, the government's contention is pure speculation and they have not met their burden of showing actual threat.

RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE REGARDING UNDERCOVER OFFICER
(Kaleb Cole; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

The government also contends that identification of the officer will compromise the officer's current and future investigations. While the defense acknowledges this concern, Mr. Cole's right to confront the witnesses against him outweighs this concern. Although the identity of the officer may not impact the substance of the questioning, it will impact Mr. Cole's ability to cross-examine the officer about his credibility. <u>Smith</u>, 390 U.S. at 130. Adequate assessment of the officer's credibility includes the ability to ask the officer's identity and background. Such questions will allow the jury to assess the credibility and weight of the officer's testimony. Considering the likely importance of the officer's testimony in this case, Mr. Cole's right to confrontation requires he be able to question the officer about his identity and background.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the defense respectfully requests that the Court deny the government's motion in limine to permit the undercover officer to testify using a pseudonym.

Respectfully submitted this 21st day of September, 2021.

BLACK & ASKEROV, PLLC

_____
Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com

_s/ Teymur Askerov_____
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com

Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:        206.623.1604
Fax:           206.658.2401

RESPONSE TO GOVERNMENT'S MOTION IN
LIMINE REGARDING UNDERCOVER OFFICER
(*Kaleb Cole*; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401