The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KALEB COLE,<br><br>　　　　　Defendant. | No. CR20-032 JCC<br><br>DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING DISPUTED JURY INSTRUCTIONS |

### I.　　INTRODUCTION

Defendant, Kaleb Cole, by his undersigned attorneys, files the following response to the Government's Memorandum Regarding Disputed Jury Instructions. Dkt. No. 224.

### Defense Supplemental Final Instruction No. 1

Defense Supplemental Final Instruction No. 1 states:

> To convict a defendant of conspiracy you must find that the object of the conspiracy involved an agreement to transmit a Threat or Threats as defined below in these instructions.

The defense submits that this instruction should follow Agreed Final Instruction No. 16 defining the elements of the charge of conspiracy. The issue at the heart of this case is whether the communications allegedly transmitted by Mr. Cole and his alleged co-conspirators involved true threats and fell outside the scope of protected speech under the First Amendment. Ninth Circuit

DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING DISPUTED JURY INSTRUCTIONS (*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

caselaw strongly supports a true threat instruction under these circumstances.  See United States v. Sutcliffe, 505 F.3d 944, 961 (9th Cir. 2007).  Consequently, the government and the defense agreed to include a definition of true threats in the agreed jury instructions, referred to as "Threat" in the Agreed Final Jury Instructions ("Agreed Final Instructions").  See Agreed Final Instructions No. 20.  Further, the government and the defense agreed to incorporate the definition of true threat ("Threat") into the elements of each substantive offense, i.e. the instructions on Stalking, Mailing Threatening Communications, and Interference with Federal Activities, to prevent the jury from convicting Mr. Cole for acts amounting to protected speech under the First Amendment.  See Agreed Final Instructions No. 19, 21, 22.  The government appears to be in agreement that the Jury would need to determine whether the flyers allegedly distributed as part of the conspiracy amounted to true threats to convict Mr. Cole of conspiracy, but opposes the inclusion of the instruction proposed by the defense on the ground that it would lead to potential confusion.

The defense respectfully submits that the instruction is necessary to protect the defendant's First Amendment rights and avoid a wrongful conviction.  Due to the absence of any reference to true threats or "Threats" as defined in the jury instructions in the to convict instruction on conspiracy (Agreed Final Instruction No. 16), there is a significant risk that the jury could conclude that the defendant can be convicted of conspiracy even if the object of the conspiracy did not involve the transmission of true threats.  This is especially so given the fact that the instructions on the substantive offenses all incorporate the definition of true threat.  The proposed instruction is intended to ensure that the jury passes judgment on whether the alleged conduct constituted protected speech before convicting Mr. Cole of conspiracy.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MEMORANDUM REGARDING DISPUTED JURY INSTRUCTIONS (*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

**Defense Supplemental Final Instruction No. 2**

The Defense Proposed Final Instruction No. 2 states:

> "Course of conduct" is an element of the crime of Stalking under 2261A of Title 18. The phrase "course of conduct" is defined as a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. The acts that make up the course of conduct must be directed at the same specific person.

Course of conduct is an element of the crime of stalking under 2261A of Title 18. In United States v. Osinger, 753 F.3d 939 (9th Cir. 2014), the Ninth Circuit rejected a due process vagueness challenge to 2261A, by reading into the statute the ordinary definition of the term "harass" and requiring that a defendant's conduct be directed at a "specific person." See id. at 945. The government seeks to argue that mailings allegedly sent out to various individuals across the country without any ties to each other amounted to a "course of conduct" within the meaning of the stalking statute. This argument runs contrary to the Ninth Circuit decision in Osinger whereas the additional language proposed by the defense, i.e. the proposed language requiring that the acts that make up the course conduct were directed at the same specific person, would ensure that the government is held to its burden of proving course of conduct as required by the statute.

The government references the Fifth Circuit Pattern Jury Instructions in support of adding language to the instructions that would permit the jury to consider acts directed at third parties as being part of the defendant's course of conduct. However, contrary to the Government's assertion, the Fifth Circuit pattern instruction on course of conduct does not reference third parties. The instruction reads:

> Course of conduct means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

Fifth Circuit Pattern Jury Instruction 2.86B. The language pertaining to third parties referenced by the Government is in the footnotes to the Fifth Circuit jury instruction and is taken from an

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MEMORANDUM REGARDING DISPUTED JURY
INSTRUCTIONS (*Kaleb Cole*; No. CR20-032 JCC) - 3

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

unpublished decision, United States v. Bartley, 711 F. App'x 127 (4th Cir. 2017), where the Fourth Circuit defined the term "harass" as used in 2261A to include conduct directed at third parties, inconsistent with the Ninth Circuit's definition of that term in Osinger. In light of the circuit split, the defense submits that the Court should instruct the jury on the law of the Ninth Circuit rather than relying on an unpublished out-of-circuit decision and issue the course of conduct instruction proposed by the defense.

### Government's Supplemental Final Instruction No. 1

The instruction is not a standard instruction used in the Ninth Circuit. The defense further submits that the instruction serves no purpose, would result in confusion, and is unnecessary.

### Government's Supplemental Final Instruction No. 3

An aiding and abetting instruction based on Ninth Circuit Model Jury Instruction 5.1 is already included in the Agreed Final Instructions. The additional aiding and abetting instruction proposed by the Government is duplicative, unnecessary, and likely to confuse the jury

Respectfully submitted this 23rd day of September, 2021.

BLACK & ASKEROV, PLLC

Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com

s/ Teymur Askerov
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com
Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA 98104
Phone:         206.623.1604
Fax:           206.658.2401

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MEMORANDUM REGARDING DISPUTED JURY
INSTRUCTIONS (Kaleb Cole; No. CR20-032 JCC) - 4

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401