The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br> v.<br><br>KALEB COLE,<br><br>  Defendant. | No. CR20-032 JCC<br><br>DEFENDANT'S AMENDED PROPOSED JURY INSTRUCTIONS (CITED) |

Defendant, Kaleb Cole, by undersigned counsel, respectfully submits the following amended proposed jury instructions nos. 20 (Threat) and 21 (Mailing Threatening Communications). The defense proposes that these amended instructions be substituted for the previously proposed agreed instructions of the same numbers. The basis for the requested amendment is that in the course of ongoing trial preparation the defense discovered the recent Ninth Circuit case: <u>United States v. Bachmeier</u>, 8 F.4th 1059 (9th Cir. 2021), which provides a different standard for the *mens rea* for the charged crimes than previously submitted. The government agrees that the Court should utilize the proposed amended instructions.

DEFENDANT'S AMENDED PROPOSED JURY
INSTRUCTIONS (*Kaleb Cole*; No. CR20-032 JCC) - 1

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax: 206.658.2401

1  Respectfully submitted this 24th day of September, 2021.

BLACK & ASKEROV, PLLC

_____
Christopher Black, WSBA No. 31744
Email: chris@blacklawseattle.com

*s/ Teymur Askerov*
Teymur Askerov, WSBA No. 45391
Email: tim@blacklawseattle.com

Attorneys for Kaleb Cole
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:        206.623.1604
Fax:          206.658.2401

DEFENDANT'S AMENDED PROPOSED JURY
INSTRUCTIONS (*Kaleb Cole*; No. CR20-032 JCC) - 2

BLACK & ASKEROV, PLLC
705 Second Avenue, Suite 1111
Seattle, WA  98104
206.623.1604 | Fax:  206.658.2401

REQUESTED FINAL INSTRUCTION NO. 20

INSTRUCTION NO. \_\_\_\_

A "Threat," as used throughout these Instructions, is a serious statement expressing an intention to injure any person, which, when considering all the circumstances, the reasonable observer would interpret as a serious expression of an intention to inflict bodily harm on any person, as distinguished from hyperbole, idle or careless talk, exaggeration, or something said in a joking manner.  A Threat can be conditioned on whether the threatened person does or does not take a certain action.  The speaker must make the statement with the intent to communicate a Threat.

In determining whether the defendant's statement was made with the intent to communicate a Threat you may consider all the circumstances surrounding the making of the statement.

Fifth Circuit Pattern Instruction 2.40; *United States v. Sutcliffe,* 505 F.3d 944, 961 (9th Cir. 2007); *United States v. Dillard*, 795 F.3d 1191, 1200 (10th Cir. 2015); *United States v. Bachmeier*, 8 F.4th 1059 (9th Cir. 2021); Eighth Circuit Pattern Instruction 6.18.875C.

REQUESTED FINAL INSTRUCTION NO. 21

INSTRUCTION NO. _____

The defendant is charged in Counts 2–4 of the Superseding Indictment with Mailing Threatening Communications in violation of Section 876(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly mailed or arranged to have mailed by the United States Postal Service a letter or other communication addressed to a natural person containing a Threat, as defined in these Instructions, to injure any person; and

*Second*, such letter or other communication was transmitted with the intent to issue a Threat, as defined in these Instructions.

The government need not prove that the defendant intended to carry out the Threat.

Ninth Circuit Model Jury Instruction – 8.47A (2010 Edition – Approved 9/2015) (modified to specify item must be delivered by Postal Service); *United States v. Bachmeier*, 8 F.4th 1059 (9th Cir. 2021).