THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-0032-JCC |
| Plaintiff, | JURY INSTRUCTIONS |
| v. | |
| KALEB COLE, | |
| Defendant. | |

The Clerk shall provide copies of this order to all counsel.

DATED this 29th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

FINAL INSTRUCTION NO. 1

JURY DUTIES

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# FINAL INSTRUCTION NO. 2
## CHARGES AGAINST DEFENDANT

The superseding indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the Government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

FINAL INSTRUCTION NO. 3

DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

FINAL INSTRUCTION NO. 4

REASONABLE DOUBT

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

REQUESTED FINAL INSTRUCTION NO. 5

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

## FINAL INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

FINAL INSTRUCTION NO. 7

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

FINAL INSTRUCTION NO. 8

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# FINAL INSTRUCTION NO. 9
## ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

# FINAL INSTRUCTION NO. 10
## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

# FINAL INSTRUCTION NO. 11

## ON OR ABOUT

The superseding indictment charges that the offenses charged in Counts 1 through 5 were committed "on or about" a certain date.

Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the superseding indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

FINAL INSTRUCTION NO. 12

TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES

You have heard testimony from an informant who received compensation from the Government in connection with this case. For this reason, in evaluating the testimony of the informant, you should consider the extent to which his testimony may have been influenced by this factor. In addition, you should examine the testimony of the informant with greater caution than that of other witnesses.

FINAL INSTRUCTION NO. 13

GOVERNMENT'S USE OF UNDRCOVER AGENTS AND INFORMANTS

You have heard testimony from an undercover agent and an informant who were involved in the Government's investigation in this case. Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FINAL INSTRUCTION NO. 14

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

FINAL INSTRUCTION NO. 15

CONSPIRACY

The defendant is charged in Count 1 of the superseding indictment with Conspiracy to Commit Stalking, to Mail Threatening Communications, and to Interfere with Federally Protected Activities, in violation of Section 371 of Title 18 of the United States Code. In order for the defendant to be found guilty of Conspiracy, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning no later than November 2019, and ending on or about February 26, 2020, there was an agreement between two or more persons to commit one or more of the following crimes:  Stalking, Mailing Threatening Communications, or Interference with Federally-Protected Activities;

*Second*, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

*Third*, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The Government is not required to prove that the defendant personally did one of the overt acts.

FINAL INSTRUCTION NO. 16

KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the Government proves each of the following beyond a reasonable doubt:

*First*, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

*Second*, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

*Third*, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

# FINAL INSTRUCTION NO. 17
## CONSPIRING WITH ANOTHER

Before being convicted of conspiracy, an individual must conspire with at least one co–conspirator. There can be no conspiracy when the only person with whom the defendant allegedly conspired was a government agent or informant who secretly intended to frustrate the conspiracy.

FINAL INSTRUCTION NO. 18

STALKING

Count 1 of the Superseding Indictment alleges the defendant conspired to commit the crime of Stalking in violation of Section 2261A of Title 18 of the United States Code, in addition to other crimes. The elements of Stalking are as follows:

*First,* the defendant used the mail, any interactive computer service or electronic communication system of interstate or foreign commerce, or any other facility of interstate or foreign commerce;

*Second*, the defendant used the mail, interactive computer service or electronic communication system or other facility of interstate or foreign commerce to engage in a course of conduct undertaken with intent to kill, injure, harass, or intimidate another person by means of a Threat, as defined below in these instructions;

*Third,* the defendant's course of conduct placed another person in reasonable fear of death or serious bodily injury, or caused, attempted to cause or would reasonably be expected to cause substantial emotional distress to the other person.

FINAL INSTRUCTION NO. 19

COURSE OF CONDUCT

"Course of conduct" is an element of the crime of Stalking under 2261A of Title 18. The phrase "course of conduct" is defined as a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

FINAL INSTRUCTION NO. 20

THREAT

A "Threat," as used throughout these Instructions, is a serious statement expressing an intention to injure any person, which, when considering all the circumstances, the reasonable observer would interpret as a serious expression of an intention to inflict bodily harm on any person, as distinguished from hyperbole, idle or careless talk, exaggeration, or something said in a joking manner. A Threat can be conditioned on whether the threatened person does or does not take a certain action. The speaker must make the statement with the intent to communicate a Threat.

In determining whether the defendant's statement was made with the intent to communicate a Threat you may consider all the circumstances surrounding the making of the statement.

FINAL INSTRUCTION NO. 21

MAILING THREATENING COMMUNICATIONS

The defendant is charged in Counts 2–4 of the Superseding Indictment with Mailing Threatening Communications in violation of Section 876(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly mailed or arranged to have mailed by the United States Postal Service a letter or other communication addressed to a natural person containing a Threat, as defined in these Instructions, to injure any person; and

*Second*, such letter or other communication was transmitted with the intent to issue a Threat, as defined in these Instructions.

The Government need not prove that the defendant intended to carry out the Threat.

FINAL INSTRUCTION NO. 22

INTERFERENCE WITH FEDERALLY-PROTECTED ACTIVITY

The defendant is charged in Count 5 of the Superseding Indictment with Interference with Federally-Protected Activity in violation of Section 245(b) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

*First,* the defendant acted by force or made a Threat, as defined in these Instructions, of force;

*Second*, the defendant willfully injured, intimidated, or interfered, or attempted to injure, intimidate, or interfere with, M.C., a Jewish person associated with the Anti-Defamation League;

*Third,* the defendant acted because of the religion of M.C., that is, because M.C. was Jewish;

*Fourth,* the defendant intended to interfere with M.C.'s enjoyment of employment or any perquisite thereof by a private employer *and*

*Fifth,* the defendant threatened to use a dangerous weapon, explosive or fire in connection with the offense.

FINAL INSTRUCTION NO. 23

KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the defendant knew that his acts were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

FINAL INSTRUCTION NO. 24

AIDING AND ABETTING

A defendant may be found guilty of the crime of Mailing Threatening Communications or Interference with a Federally-Protected Activity even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Mailing Threatening Communications or Interference with a Federally-Protected Activity by aiding and abetting, the Government must prove each of the following beyond a reasonable doubt:

*First*, someone else committed the crime of Mailing Threatening Communications or Interference with a Federally-Protected Activity;

*Second*, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the crime of Mailing Threatening Communications or Interference with a Federally-Protected Activity;

*Third*, the defendant acted with the intent to facilitate the crime of Mailing Threatening Communications or Interference with a Federally-Protected Activity; and

*Fourth*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Mailing Threatening Communications or Interference with a Federally-Protected Activity.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw

from the crime. The Government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

FINAL INSTRUCTION NO. 25

ACTS OF OTHERS

A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

# FINAL INSTRUCTION NO. 26

## SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

Each member of a conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of Mailing Threatening Communications as charged in Counts 2-4 of the superseding indictment or Interfering with Federally-Protected Activity as charged in Count 5 of the superseding indictment if the Government has proved each of the following elements beyond a reasonable doubt:

*First*, a person committed the crime of Mailing Threatening Communications as charged in Counts 2-4 of the superseding indictment or Interfering with Federally-Protected Activity as charged in Count 5 of the superseding indictment;

*Second*, the person who committed the crime was a member of the conspiracy charged in Count 1 of the superseding indictment;

*Third*, the person committed the crime in furtherance of the conspiracy;

*Fourth*, the defendant was a member of the same conspiracy at the time the offense charged in Count 2, 3, 4 or 5 was committed; and

*Fifth*, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

# FINAL INSTRUCTION NO. 27

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## REQUESTED FINAL INSTRUCTION NO. 28

## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

FINAL INSTRUCTION NO. 29

JUROR NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

FINAL INSTRUCTION NO. 30

PUNISHMENT

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

## FINAL INSTRUCTION NO. 31
## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

REQUESTED FINAL INSTRUCTION NO. 32

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.