# Exhibit 1

BLACK &
ASKEROV
PLLC

705 Second Avenue, Suite 1111
Seattle, WA 98104
206.623.1604 | Fax:  206.658.2401

Christopher Black                                                                                chris@blacklawseattle.com

December 20, 2021

*Via Email*

Amelia Whaley
Senior United States Probation Officer

Amelia_Whaley@wawp.uscourts.gov

    **RE**:    <u>United States v. Kaleb Cole</u>, *No. CR20-032 JCC*
              *Objections to Draft Pre-sentence Report*

Dear Ms. Whaley:

We received the draft presentence report in this matter and have reviewed it with our client.  Thank you for putting it together.  The defense makes the following objections and comments.

<u>Paragraph 9</u>

The defense objects to the inclusion of the second sentence of this paragraph as vague and misleading.  It is unclear what "held responsible" means in this context.  The defense requests that the paragraph at least include that Atomwaffen Division, and Mr. Cole in particular, did not plan or execute any violent actions during the multi-year investigation of Mr. Cole, per the testimony at the trial in this matter.

<u>Paragraph 10</u>

The defense objects to the inclusion of this paragraph on the basis that it is irrelevant and prejudicial.

<u>Paragraph 11</u>

The defense objects to the inclusion of the last sentence of this paragraph on the basis that it is irrelevant and prejudicial.

Paragraph 13

The defense objects to the assertion that Mr. Cole quit his job and moved in order to avoid law enforcement.  He did those things because he had become a pariah, and was searching for some measure of anonymity.

Paragraph 21

The defense objects to the assertion that Mr. Cole was one of the primary organizers of Operation Erste Säule.  Mr. Shea was the one who initiated and organized the plan.  Mr. Cole was not an organizer.  These issues are addressed further in our objection to Paragraphs 51, 58, and 65, *infra*.

Paragraph 27

The defense objects to any assertion that Mr. Shea was assisting Mr. Cole.  The defense requests that the words "assisted in" be changed to "directed."

Paragraph 29

The defense objects to the assertion that Mr. Cole was the one who was planning the operation.  The defense requests that "Mr. Cole's planning" be changed to "the group's planning."

Paragraph 37

The defense objects to the assertion that Mr. Cole was the person who specifically targeted the Seattle news reporter.  The defense requests that "Mr. Cole had targeted" be changed to "had reported on Mr. Cole."

Paragraph 38

The defense objects to the inclusion of Mr. Cole's alleged leadership of AWD in this paragraph, as it is unclear what it means to be a "leader" of AWD and because leadership of AWD in general does not bear on Mr. Cole's role in this specific offense.

Paragraph 39

The defense objects to the assertion that "Mr. Cole provided instructions to members as to how to carry out the scheme," without context.  It appears from the Wire chat history that many, if not all, members of the group provided instructions and suggestions for various aspects of the plan during the course of the conversation.  It was not the case that Mr. Cole was the primary planner or the person who was primarily giving instructions to others.

The defense also objects to the assertion that Mr. Cole "directed" that "'newer initiates'" deliver the posters. If anyone directed this, it was Mr. Shea. <u>See</u> attached excerpt from Government's trial exhibit 101.

<u>Paragraph 40</u>

The defense objects to the assertion in the third sentence of this paragraph that Mr. Cole "encouraged members to" tack up rag dolls and knives. Mr. Cole mentioned this idea during the recorded conversation on January 9, 2020 but it is not accurate that he encouraged anyone to do it.

<u>Paragraph 41</u>

The defense objects to the inclusion of this paragraph on the basis that it is irrelevant and prejudicial.

<u>Paragraph 49</u>

The defense objects to the application of a 2-level adjustment for threatened use of a dangerous weapon. While the posters contained an image of a Molotov cocktail, the poster did not explicitly threaten the actual use of a Molotov cocktail.

<u>Paragraphs 57 and 64</u>

The defense objects to application of the victim related adjustment for Counts 2 and 4 because the jury did not find that these counts were motivated by race or religion. USSG § 3A1.1(a) provides for a three-level enhancement when:

> "The finder of fact at trial or, in the case of a plea of guilty or nolo contendere, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person."

Thus, in cases involving a jury trial, it is up to the jury to decide whether the defendant's choice of victim was motivated by race or religion. <u>See</u> <u>United States v. Armstrong</u>, 620 F.3d 1172, 1175-76 (9th Cir. 2010). In determining whether this enhancement applies in a case where a jury trial was held, courts turn to the jury instructions. In <u>United State v. Poposil</u>, for example, the court held that the 3A1.1(a) enhancement applied when the "jury instructions . . . expressly incorporated language about the race of the victims." 186 F.3d 1023, 1031 (8th Cir. 1999).

At Mr. Cole's trial, the jury did not find that Mr. Cole's actions involving the victims in counts 2 or 4 were specifically motivated by race or religion, nor did the jury instructions on those counts include such language. <u>See</u> Final Instruction No. 22. Thus, because the jury

did not make the finding at trial that counts 2 or 4 were motivated by race or religion, the victim related adjustment does not apply to these counts.

<u>Paragraphs 51, 58, and 65</u>

The defense objects to application of the leadership role adjustment on all counts because Mr. Cole was not an organizer or leader of Operation Erste Säule.

An aggravating role adjustment of 4 levels is added when the defendant is an "organizer or leader" of a criminal activity. Factors the Court should consider include the exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of the accomplices, the degree of participation in planning or organizing the offense, and the degree of control and authority exercised over others. USSG § 3B1.1, cmt. 4.

In <u>United States v. Anderson</u>, the Ninth Circuit held that an individual is subject to the leadership role adjustment when s/he gives "specific instructions and planned their conduct throughout the course of the enterprise." 895 F.2d 641, 646 (9th Cir. 1990). "In order to impose the enhancement, there must be a showing that the defendant had control over other participants or organized other participants for the purpose of carrying out the charged crimes." <u>United States v. Holden</u>, 908 F.3d 395, 402 (9th Cir. 2018)(internal quotations deleted). A defendant organizes other participants if s/he has the necessary influence and ability to coordinate their behavior so as to achieve the desired criminal results. <u>Id</u>.; see also <u>United States v. Doe</u>, 778 F.3d 814, 826 (9th Cir. 2015) and <u>United States v. Avila</u>, 95 F.3d 887, 890 (9th Cir. 1996) (stating that "some degree of control or organizational authority over others is required" in order for a § 3B1.1 enhancement to be proper). The enhancement is not appropriate for offenses involving "co-equals." <u>Holden</u>, 908 F.3d at 402. Nor is it sufficient for a defendant to have organized property or activities—the defendant must have organized participants. <u>Id</u>.

Cameron Shea was the organizer of Operation Erste Säule, not Mr. Cole. Mr. Shea alone started the private Wire chat group, invited others to join the group, and informed others in the group about his plans for the operation. Mr. Cole participated in the chats and suggested ideas for the operation, just as **every** other individual in the chat did. Mr. Cole did not contribute to the operation any more than any others in the group. Some members were tasked with finding addresses of individuals to send the communications to. Some members were tasked with delivering the messages. Mr. Cole was tasked with creating some of posters. While Mr. Cole made suggestions about the operation, he did not give specific instructions to others in the group. Mr. Shea started, organized, and led the operation. Even if Mr. Cole is a purported leader of Atomwaffen (whatever that means), he was not charged or tried for that. Because Mr. Cole was not a leader or organizer of the particular group of people who committed the offense, the leadership role adjustment should not apply to him.

Paragraph 68

The defense objects to the increase in offense level resulting from the grouping calculations. The groups consisting of Count 2 and Count 4 do not represent scorable units, since the adjusted offense levels for both groups are 9 or more levels less serious than the group with the highest offense level.

USSG § 3D1.4(c) says to "disregard any Group that is 9 or more levels less serious than the Group with the highest offense level." As discussed above (in objections to Paragraphs 57 and 64), the victim related adjustments clearly do not apply to Counts 2 and 4. Therefore, regardless of how the Court resolves any questions about other guideline adjustments, the adjusted offense levels for the Count 2 group and the Count 4 group are 10 levels lower than the adjusted offense levels for the Count 1 group. Because this is more than 9 levels less serious than the adjusted offense level for Count Group 1, the Court should disregard both Count 2 and Count 4 in the grouping calculations.

Paragraph 70

The defense objects on the basis that the increase in offense level should be 0 instead of 2 per USSG § 3D1.4(c).

Paragraph 80

The defense requests the following clarifications: 1) Mr. Cole was 16 years old when he moved in with his father; and 2) Mr. Cole graduated from the Insight School in 2014.

Please do not hesitate to contact me if you have any questions or require any clarification about any issues in this letter, or anything associated with this case. Thank you.

Sincerely yours,

BLACK & ASKEROV, PLLC

Christopher Black
Teymur Askerov
Sarah Kohan
Attorneys at Law

Cc:   Thomas Woods and Seth Wilkinson, Assistant United States Attorneys